## Maggie Bier Wagner et al., Plaintiffs in Error, v. Ben M. Maxey et al., Defendants in Error.

### (Not to be reported in full.)

Error to the Circuit Court of Clay county; the Hon. James C. McBride, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed June 18, 1917.

### Statement of the Case.

Bill by Charles H. Greenwood, Mae Kurr and Maggie Bier Wagner, complainants, against Ben M. Maxey and Charles Austen and others, defendants, to set aside an award of prizes and praying that a new award be made. From a decree dismissing the bill for want of equity, complainants bring error.

Kagy & Vandervort, for plaintiffs in error.

James H. Smith and John L. Boyles, for defendants in error.

Mr. Justice Higbee delivered the opinion of the court.

### Abstract of the Decision.

1. Equity, § 41*—*when jurisdiction not exercised because of adequate remedy at law.* On a bill seeking to set aside an award of prizes and praying that a new award be made, where it appeared that one of the defendants, as the publisher of a newspaper, had offered prizes to persons obtaining the largest number of subscriptions, and where the bill charged that the award was fraudulent, and where it appeared that the prizes had been delivered and that the most that could be obtained was a money judgment, *held* that the remedy was at law and not in equity, and that the decree dismissing the bill for want of equity should be affirmed.

2. Specific performance, § 4*—*when not decreed of contract*

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*relating to personalty.* Equity will not decree the specific performance of a contract which relates to personalty, where compensation in damages furnishes a complete and satisfactory remedy.

3. EQUITY, § 50*—*when will not exercise jurisdiction.* Courts of equity do not sit for the purpose of entertaining bills, the only object of which is to secure damages.

McBRIDE, J., having tried this case as chancellor in the court below, took no part upon the hearing here.