## Mary Serafin, Appellee, v. Robert Reid, Appellant.

### Gen. No. 44,173.

Opinion filed November 10, 1948. Released for publication December 2, 1948.

PETER J. TATOOLES, of Chicago, for appellant; IRVING GOODMAN, of Chicago, of counsel.

ORVILLE E. ROSS, of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

Plaintiff filed a bill in equity to enjoin defendant from breaching a written contract executed by the parties in which defendant acknowledged being the father of plaintiff's illegitimate child and agreed to pay ten dollars weekly for the child's support and maintenance. Issues were joined and the cause was referred to a master in chancery. In conformity with the master's recommendations a decree was entered finding a specific sum due plaintiff and enjoining the defendant from breaching the terms of the contract. Defendant appeals.

Briefly stated the complaint alleges that in consideration of plaintiff's forbearance in instituting bastardy proceedings under the statute defendant agreed to make payments to plaintiff of ten dollars weekly for the support and maintenance of the minor child until it was legally adopted, emancipated, or attained its majority; and that defendant has refused to comply with the contract.

In his answer defendant admits paternity of the child and the execution of the agreement, but avers that he was compelled to sign the contract by force, coercion and duress.

The chancellor found the issues in favor of the plaintiff. He also found that the decree is enforceable in equity on the theory that the plaintiff does not have an adequate remedy at law.

The sole ground urged by plaintiff for invoking equitable jurisdiction is to avoid suits for successive payments as provided in the contract in the event defendant fails to make them punctually every week as they accrue. Application of the principle of multiplicity of suits as a ground for equitable jurisdiction is extremely difficult because of the conflict of authorities on the subject. (See *Weininger v. Metropolitan Fire Ins. Co.,* 359 Ill. 584 and 30 C. J. S. sec. 42, p. 365.) In the instant case the ultimate relief sought by plaintiff is a money judgment. Plaintiff says that many successive suits and protracted litigation would be necessary in a law action.

In his pleadings defendant challenged only the validity of the contract. The issue is simple and determination of this issue will be binding on the parties on the principle *res judicata.* The complaint and petition for a rule to show cause, which was filed after the entry of the decree herein, both allege that defendant is an able-bodied man gainfully employed. There is no showing that defendant is insolvent and cannot be made to respond in damages or that the wrong is vexatiously persisted in in spite of repeated verdicts. We think the rights of the parties should first be determined in an action at law. (*Woodward v. Seely,* 11 Ill. 157; *Poyer v. Village of DesPlaines,* 123 Ill. 111; *Wagner v. Maxey,* 206 Ill. App. 452; *Pacific. Mut. Life Ins. Co. of California v. Parker,* 71 F. (2d) 872; *Phillips v. Catts,* 206 Ala. 594.)

Since the adoption of the Civil Practice Act basic distinctions between law and equity have been maintained (*Dunham v. Kauffman,* 385 Ill. 79) and this distinction is necessitated by the constitutional requirement of trial by jury in actions at law. (*Frank v. Salomon,* 376 Ill. 439; *Tudor v. Firebaugh,* 364 Ill. 283.)

Since we hold in the case at bar that no special circumstances appear justifying the exercise of equitable jurisdiction, plaintiff may amend the pleadings

and proceed at law. In the event plaintiff decides not to proceed at law the complaint should be dismissed for want of equity.

For the reasons given, the decree is reversed and the cause is remanded for such further proceedings as are not inconsistent herewith.

*Reversed and remanded with directions.*

BURKE, P. J., and KILEY, J., concur.