John H. Rowan et al., Plaintiffs-Appellants, v. Eugene Matanky, Irvin J. Jacobson, M. B. Roth, and M. Stein, Defendants-Appellees.

Gen. No. 45,706.

Opinion filed November 6, 1952. Released for publication December 9, 1952.

SAMUEL BROYDE, of Chicago, for appellants; WILLIAM S. DIDUCH, of Chicago, of counsel.

LOCHTAN & WOLFE, of Chicago, for appellees; BERNARD B. WOLFE, and HARRY G. FINS, both of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

Plaintiffs filed an action for treble damages under sec. 205 of the Federal Housing and Rent Act of 1947. They appeal from a summary judgment against them. At the outset we face a contention that the appeal be dismissed because the notice of appeal was not served within 90 days, as required by Supreme Court Rule 34. The appeal was perfected in accordance with sec. 76 of the Civil Practice Act. However, the notice of appeal was served 92 days after the entry of the judgment. Appellees rely on the provisions of Rule 34, that a copy of the notice by which the appeal is perfected shall be served upon each party, etc., within 10 days after the notice of appeal is filed in the lower court, and that where the appeal is taken as of right, such service shall be made within 90 days from the entry of the judgment. Filing of notice of appeal is the only jurisdictional step required by the Civil Practice Act. That Act should be liberally construed to the end that controversies shall be speedily and finally determined according to the substantive rights of the parties. We are not disposed to dismiss an appeal on the ground that service of the notice thereof was not made within 90 days from the entry of the judgment

in the absence of a showing of prejudice to the appellees. Therefore, the motion to dismiss the appeal is denied.

██ Plaintiffs maintain here, as in the trial court, that an action for treble damages under sec. 205 of the Housing and Rent Act cannot be the subject of a motion for summary judgment. Defendants say that proceeding by way of summary judgment is a proper remedy in an action under that Act. They assert that the Housing and Rent Act is ''a condition which the law imposes upon the contractual relation of landlord and tenant,'' and that ''it is a contract implied in law.'' Defendants state further that their motion for a summary judgment was under sec. 57 of the Civil Practice Act, as the action is upon an implied contract. Par. 2 of that section also permits a defendant, against whom an action mentioned in par. 1 thereof is asserted, to take advantage of the summary judgment provisions. In a proper case a defendant may also move to dismiss an action or suit under the provisions of sec. 48. In *O'Shea v. Farrelly,* 302 Ill. 126, our Supreme Court said that a right of action in debt for the penalty inflicted by a statute cannot in any sense be considered either an express or implied contract. In our opinion the instant action for treble damages is not an action upon an implied contract under the provisions of sec. 57. The action is for statutory damages in the nature of a penalty. The action contemplates an invalid contract between plaintiffs as tenants and the defendants to pay and receive rents in excess of the rent ceilings. Under these circumstances, we cannot say that there was an implied contract that the defendants would pay to the plaintiffs three times the overcharge, plus attorneys' fees and costs. It is interesting to observe that Rule 56 of the Rules of Civil Procedure of the United States District Court provides that a party seeking to recover upon a claim, counterclaim or cross-

claim, or to obtain a declaratory judgment may, at any time after expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. Under our state practice the summary judgment procedure may be invoked only where the pleadings show the actions or suits specified in secs. 48 and 57. In the federal courts there is no such limitation. We are of the opinion that the court erred in ruling that defendants could proceed under the summary judgment provisions of the Civil Practice Act.

██ ██ We have carefully read the pleadings and the affidavits and are convinced that they present issues of fact. A summary judgment is proper only when there is no genuine issue as to the material facts to be tried. There is a dispute as to the changes made in the housing accommodations and also whether the additional housing accommodations resulted from structural changes involving substantial alterations or remodeling. We are satisfied that there were triable issues to be passed upon. In such a case the motion for a summary judgment should be denied.

For the reasons stated the judgment of the circuit court of Cook county is reversed and the cause remanded with directions to proceed in a manner consistent with the views expressed.

*Judgment reversed and cause remanded with directions.*

FRIEND, P. J. and NIEMEYER, J., concur.