**Tom Seno and Sam Seno d/b/a Seno Realty Company, Appellants, v. Cornelia H. Franke and Grange J. Glover, Appellees.**

**Gen. No. 47,190.**

First District, First Division.

December 16, 1957.

Rehearing denied and opinion modified
January 16, 1958.

Released for publication February 10, 1958.

Chino and Schultz of Chicago, for appellants.

Seyfarth and Atwood (Karl Edwin Seyfarth, and Benton Atwood, of counsel) for appellee, Glover.

JUSTICE ROBSON delivered the opinion of the court.

This is an appeal from an order sustaining defendants' motion for summary judgment in an action by plaintiffs to recover damages alleged to be due them. In a prior separate action against defendant Franke alone, plaintiffs sought to recover a commission on the basis of a breach of the contract set forth in their present statement of claim. The trial of that case re-

sulted in the ruling that the contract was invalid and not binding upon the defendant. In the present action the trial court determined that the judgment in the prior suit was *res judicata* as to all issues raised by the plaintiffs' present statement of claim.

The essential facts as revealed by the statement of claim, motions to strike and dismiss, counteraffidavits, defenses, replies, interrogatories, answers, and the defendants' motion for summary judgment with supporting affidavit, indicate that the only question before this court is whether or not the contentions contained in these various documents establish any substantial issue of fact precluding summary judgment.

On February 17, 1955, defendant Franke signed a written agreement to sell defendant Glover a parcel of improved real estate for $150,000. The agreement further provided that defendant Franke would pay plaintiffs a five per cent broker's commission. Defendant Franke repudiated her contract by a letter to plaintiffs on March 4, 1955. Both plaintiffs and defendant Glover treated the letter as an anticipatory breach of contract. Plaintiffs filed an action against defendant Franke on March 22, 1955, to recover their commission. In her third amended defense to plaintiffs' statement of claim in that action defendant Franke alleged in substance as follows: that on February 17, 1955, she was in intense pain, under sedatives, and thereby without full benefit of her mental faculties; that on that date she did not know or understand the nature and extent of the contract signed by her; that she had never known or dealt with either of the plaintiffs prior to February 17, 1955, on which date one or both of them appeared at her home and importuned her to sign the contract; that she was unfamiliar with the English language and unable to speak, read, or write it with complete understanding; and, finally, that at the time of the execution of the contract, and subsequently on March

41

4, 1955, the defendant's mental condition was insufficient to comprehend the nature of the contents of the documents executed by her on those respective dates, but that had she understood them she would not have signed them. Trial on the issues resulted in a judgment for defendant Franke. The plaintiffs took an appeal from the judgment on January 3, 1956.

One day later defendants settled a suit for specific performance which had been filed by Glover on March 22, 1955, by an agreement providing that the premises should be sold to a third party and that Glover was to pay Mrs. Franke's costs, plus one-half of any broker's commission which she might be required to pay, whether by reversal on appeal, judgment, or settlement. On the same day, January 4, an escrow was established at the Chicago Title and Trust Company to facilitate a conveyance to the new purchaser or purchasers. A warranty deed conveying the property from defendant Franke to defendant Glover, dated October 20, 1955, was recorded in Cook county on February 20, 1956. The plaintiffs petitioned to vacate the judgment against them and moved for a new trial on March 13, 1956, alleging the warranty deed as newly discovered evidence. The petition and motion were denied. No appeal was taken from that order. Plaintiffs dismissed the earlier appeal. They filed the present suit against defendants Franke and Glover on May 2, 1956.

The instant statement of claim is in two parts. The first contains a claim solely against defendant Franke; the second contains a claim against defendants Franke and Glover jointly. The portion of the statement directed against defendant Franke alleges the plaintiffs' occupation as licensed real estate brokers, the execution of the contract for the sale of realty on February 17, 1955, the agreement therein to pay a broker's commission, and the conveyance of the property from Franke to Glover on February 20, 1956, together with

42

a claim for damages against defendant Franke alone for $7,500.

The second portion of the statement, which purports to state a case against both defendants jointly, alleges a conspiracy to defraud the plaintiffs of their commission. There the plaintiffs reallege their status as real estate brokers and the execution of the contract. In substance, the further allegations of the second portion of the plaintiffs' statement of claim read as follows: that defendant Franke falsely renounced her intention to sell under the contract on March 4, 1955; that the defendants wilfully, knowingly, and maliciously conspired to defraud the plaintiffs of their commission by pretending that defendant Franke had been fraudulently induced to execute the contract and that Glover was not a ready, willing and able buyer; that the defendants in furthering their conspiracy established an escrow on January 4, 1956, at the Chicago Title and Trust Company, in a sham settlement of the suit between them for specific performance; that defendant Franke conveyed the property to defendant Glover on February 20, 1956; that on the same date defendant Glover conveyed the property in trust to the La Salle National Bank for the purpose of concealing from the plaintiffs the actual owner of the property; that all of the pretenses of the defendants were false, known to them to be false, and were made with the intent to defraud the plaintiffs. The plaintiffs claim $7,500 in damages, plus interest against both defendants. Plaintiffs contend that the contract between defendants was actually consummated after judgment was entered against them and that they are therefore entitled to recover a commission on the basis of new or additional facts.

██ The fundamental question presented by this appeal is whether or not the trial court erred in granting defendants' motion for summary judgment. The

43

answer turns on the presence or absence of any genuine material issue of fact. No factual issue has been raised by that portion of the complaint which is directed only against Mrs. Franke. The plaintiffs' right to maintain an action on the contract to recover a broker's commission has previously been adjudicated. It is generally well settled in Illinois, and elsewhere, that where the existence and validity of a contract is once put in issue and adjudicated, that issue is conclusively determined in so far as the parties and their privies are concerned. Mahannah v. Mahannah, 292 Ill. 133 (1920); Central Investment Co. v. Melick, 267 Ill. 564 (1915); Hanna v. Read, 102 Ill. 596 (1882); Noyes v. Kern, 94 Ill. 521 (1880); Serafin v. Reid, 335 Ill. App. 512 (1948); 2 Freeman on Judgments, Sec. 894 (5th Ed. 1925).

The second portion of the complaint, however, presents problems which are not so easily resolved. The allegations, as heretofore stated, allege conspiracy by both defendants to defraud plaintiffs of their broker's commission. It sets forth the elements necessary to an action for fraud and deceit. Defendant Glover replies to this contention with the argument that at all times he was ready, willing, and able to perform the contract; that he co-operated fully with the plaintiffs in their initial suit to recover a commission; and that the settlement of the suit for specific performance was a bona fide agreement to put an end to costly litigation. This, while it may be true, presents issues of fact to be proved and cannot be considered in summary judgment.

In our analysis we will consider only defendants' motion for summary judgment as based solely upon the grounds that the *"cause of action and issues* sought to be asserted herein have been previously determined and are *res judicata."* The supporting affidavit asserts that the judgment in the prior commission suit is con-

44

clusive as to all issues of alleged fraud or conspiracy sought to be asserted by the plaintiffs. This assertion is based on the premise that a valid contract is an essential element of the plaintiffs' cause of action. No issue of fraud on the part of defendants Franke or Glover was raised in the prior suit.

■ ■ A valid contract is by no means an essential element of a conspiracy in deceit. It is the plaintiffs' contention that defendant Franke wilfully, knowingly, and maliciously renounced her contract, conspired with defendant Glover to have the contract invalidated, and then performed the contract according to its original tenor except for the payment of a commission to the plaintiffs. In substance, the plaintiffs allege that the defense put forth by defendant Franke in the prior action was but a part of a comprehensive scheme by both defendants to defraud the plaintiffs. Historically the action of deceit has never rested on theories of contract, though at one time its use was limited to situations in which there was a contractual relation between the parties. Prosser's Hornbook summarizes the history of the action as follows (Prosser on Torts, 2nd Ed. 1955, sec. 86, p. 522):

"The action of deceit is of very ancient origin. There was an old writ of deceit known as early as 1201, which lay only against a person who had misused legal procedure for the purpose of swindling some one. At a later period this writ was superseded by an action on the case in the nature of deceit, which became the general common law remedy for fraudulent or even non-fraudulent misrepresentation resulting in actual damage. In particular, it was extended to afford a remedy for many wrongs which we should now regard as breaches of contract, such as false warranties in the sale of goods. Its use was limited almost entirely to cases of direct transactions between the parties, and it came to be regarded as inseparable from some con-

tractual relation. It was not until 1789, in Pasley v. Freeman, which is the parent of the modern law of deceit, that the action was held to lie where the plaintiff had had no dealings with the defendant, but had been induced by his misrepresentation to deal with a third person. After that date deceit was recognized as purely a tort action, and not necessarily founded upon a contract."

 Our courts have long recognized a distinction between the effect of a prior judgment where a subsequent suit between the same parties is based upon an identical claim, and the effect of such a judgment where the second suit is based upon a different claim or demand. In the former situation the prior judgment is *res judicata* as to every matter which was raised, or which might have been raised, to defeat the claim; in the latter, the judgment or ruling in the former suit concludes only those matters actually in issue and upon which the determination rested. Ohio Nat. Life Ins. Co. v. Board of Education, 387 Ill. 159, 167, 168 (1944); Barry v. Commonwealth Edison Co., 374 Ill. 473, 478 (1940); Harding Co. v. Harding, 352 Ill. 417 (1933). Moreover, where facts are alleged in a second complaint which arose after the termination of the prior litigation, and the issue presented by the second complaint differs thus from that raised and determined in the first complaint, the former adjudication is not a bar to the maintenance of the second suit. Ropacki v. Ropacki, 354 Ill. 502, 506 (1933). The substance of the second portion of the statement of claim in the instant case is in tort, not in contract. Conspiracy is charged between the defendants, one of whom was not a party to the previous action. Facts are alleged to support this action which had not occurred or were not known at the time the prior commission suit was terminated. Thus, all the issues raised in the instant action could

not be met by the defendants' assertion of the doctrine of *res judicata*.

█ Where a suit is brought against two or more persons for a civil wrong, it is not the conspiracy but the civil wrong resulting in damage which is the gist of the action. Pustelniak v. Vilimas, 352 Ill. 270, 277 (1933). Whether or not the facts set forth in the statement of claim constitute actual fraud is in itself a question which puts in issue each interpretation of the facts which forms an essential element of the plaintiffs' cause of action. Alternative interpretations of the facts set forth in the plaintiffs' statement of claim have been incorporated in the motions, pleadings and affidavits of the defendants. These are factual issues of which one version or the other must be determined as a result of proof.

The order of the trial court is affirmed as to the first part of the statement of claim in which judgment is sought against Cornelia H. Franke, and it is reversed and remanded as to the second part of the statement of claim in which judgment is sought against defendants Cornelia H. Franke and Grange J. Glover, with directions to take proceedings not inconsistent with this opinion.

Judgment affirmed in part and reversed in part, with directions.

SCHWARTZ, P. J. and McCORMICK, J., concur.