Raymond P. Gribben et al., Appellants, v. Interstate Motor Freight System Company, and St. Anne Brick and Tile Company, Appellees.

Gen. Nos. 47,332, 47,393.

First District, First Division.

June 9, 1958.

Rehearing denied July 14, 1958.

Released for publication July 18, 1958.

Case Nos. 47,332, 47,393: Alfred Kamin, and Simon Stickgold, both of Chicago, for appellants.

Michael A. Gerrard, and Seymour I. Burton, both of Chicago, and Robert N. Lipschultz, of LaGrange (Howard B. Bryant, of counsel), for defendants-appellees.

PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiffs sued to enjoin the construction of a motor freight terminal by defendants. The trial court denied a motion for a preliminary injunction. Defendants filed a motion for summary judgment supported by affidavits which was sustained by the trial court. The case is before us on the consolidated appeals of plaintiffs from the denial of the preliminary injunction (No. 47332) and the granting of a summary judgment for defendants (No. 47393). The principal issue involved is the validity of an amendment to the zoning ordinance which permitted construction of a freight terminal.

The property involved in this proceeding (the "subject property") is located in the southern part of the town of Cicero, bounded by 37th Street on the north, 38th Street on the south, 54th Avenue on the east, and 56th Avenue on the west. On December 3, 1923, the town of Cicero adopted a general zoning ordinance which divided the community into six use districts. Plaintiffs allege in their complaint that under that zoning ordinance the subject property was zoned "first residence." Defendants in their motion for summary judgment, and by affidavits attached thereto, claim that the 1923 ordinance classified the property as "first commercial." Whatever the original zoning may have been, the parties are in agreement that until December 3, 1956, no change was ever made in the classification of the subject property.

Plaintiffs are the owners of residential property contiguous to and in the immediate vicinity of the

98

subject property. The property of thirty-nine of the plaintiffs is zoned "first residence" and the property of the remaining twelve is zoned "first commercial," although it is used by them for residential purposes. Defendant Interstate Motor Freight System Company ("Interstate") is the owner of the subject property, and defendant St. Anne Brick and Tile Company ("St. Anne") is a construction contractor.

On November 7, 1956, a notice was published in the Cicero Life, a newspaper of general circulation, that hearings would be held November 29, 1956, to consider a proposal to rezone the subject property from "first commercial" to "first industrial." On December 3, 1956, the Town Board of Trustees adopted an amendment to the general zoning ordinance which reclassified the subject property as "first industrial." Under the zoning ordinance a motor freight terminal is a permitted use in a first industrial district. Thereafter, on April 15, 1957, a resolution was adopted by the town of Cicero stating that the subject property was zoned for industrial use, authorizing the use of the premises for a motor truck terminal and accessory uses, and authorizing the Building Commissioner to issue permits for construction of the terminal. On April 25, 1957, the Building Commissioner issued a building permit to Interstate for construction of a motor freight terminal. Interstate then entered into a contract with St. Anne on July 1, 1957, under which St. Anne agreed to construct a motor freight terminal for Interstate on the subject property.

Excavation for construction of the truck terminal was commenced by St. Anne on August 5, 1957. Fifteen days later, on August 20, 1957, plaintiffs filed their complaint. In their amended complaint, duly verified, plaintiffs allege that they are the owners of property zoned as a first residence district which was contiguous to the subject property on which Inter-

state and St. Anne had begun construction of the truck terminal; that by the last valid zoning ordinance of the town of Cicero, the subject property was zoned as a first residence district; that a motor truck terminal was not permitted in a first residence district; that they were not aware of the zoning amendment until excavation for the terminal was begun, at which time they learned for the first time of the change in the ordinance; that unless its construction was restrained, the truck terminal would be built; that the existence of a motor truck terminal on the subject property would alter the character of the neighborhood, endanger the lives of the residents and their children, encumber the community with a constant procession of motor freight vehicles; physically deteriorate and destroy the property owned by plaintiffs, cause constant noise and vibrations, and render the occupancy of plaintiffs' homes unhealthy and untenable, and that the hundreds of trucks entering and leaving the terminal would pollute the atmosphere by releasing noxious exhaust and gas fumes into the air, all of which would be contrary to public health, safety, comfort, morals and general welfare. Plaintiffs allege that the operation of the motor freight terminal would amount to a private nuisance and that the amendment to the zoning ordinance was invalid because the rezoning was described as being from "first commercial to first industrial" although the subject property had never been zoned first commercial; because the notice of the hearing on the amendment was defective in that the description of the subject property did not constitute adequate notice to contiguous property owners and misdescribed the existing zoning of the subject property; because the amendment was an arbitrary, capricious, confiscatory, discriminatory and unreasonable exercise of the police power which bore no substantial relationship to the public health, welfare, safety and

security; and because the notice requirement of Section 40–6 of the Cicero Code of Ordinances did not ensure actual notice.

The trial court first denied both plaintiffs' motion for a preliminary injunction and defendants' motions to strike and dismiss the complaint and for summary judgment. Subsequently the trial judge vacated his order denying defendants' motions, and defendants filed an amended motion for summary judgment supported by affidavits. The motion for summary judgment set out the amendment of the zoning ordinance; that it had been duly passed and that it complied with all statutory requirements; that a building permit had been granted; and that a motor truck terminal was a permitted use under the new zoning and was not a violation of the ordinance as amended. Defendants contended that as a matter of law, Section 73—9 of Chapter 24 (Ill. Rev. Stat. 1957) on which plaintiffs' action was based, was inapplicable because defendants were not in violation of the zoning ordinance; that the complaint was defective because it did not allege that notice of the action had been given to the municipality, as required by Section 73—9; that the truck terminal was not a nuisance *per se;* that defendants had acted in reliance upon the ordinance amending the zoning classification, the resolution of the Town Board authorizing the premises to be used as a truck terminal, and the building permits issued to them; and that the town was estopped from taking any action preventing construction of the terminal and plaintiffs were barred from doing so by their laches.

With their brief in the consolidated appeals, defendants filed a motion to dismiss the appeals. As a ground for this motion, defendants urge that the appeals are moot because construction of the motor truck terminal is now completed. Attached to the motion is an affidavit of the sales manager of St.

Anne's, dated February 5, 1958, stating that construction is "substantially completed" and that possession of the building has been delivered to Interstate, which is now occupying the building and using it as a motor freight terminal.

■■ We will first consider the contention made by defendants that the appeals are moot. This contention appears to be sound with respect to the appeal from the order denying the temporary injunction. The only purpose that appeal served was to reveal the diligence with which plaintiffs prosecuted their action. The appeal from the summary judgment presents a different problem. Here, important rights of the parties are at stake in the determination of whether the amendment to the zoning ordinance was a valid exercise of the police power by the town of Cicero. A question is said to be moot when it presents or involves no actual controversy, interests or rights of the parties or when the issues have ceased to exist. Wick v. Chicago Tel. Co., 277 Ill. 338, 341, 115 N. E. 550; Jones v. Clark, 355 Ill. 527, 189 N. E. 870; City Bank & Trust Co. v. Board of Education, 386 Ill. 508, 54 N.E.2d 498. There is also another class of cases which cannot be said to be strictly moot, which include those cases involving merely abstract questions on which no effectual relief can be granted to either party. City Bank & Trust Co. v. Board of Education, supra, pp. 519–520.

■ The mere fact that plaintiffs sought to enjoin construction of a building which by now has apparently been completed does not mean that they are left with no remedy if a judgment ultimately is rendered in their favor. The rule in this state is that after a suit for injunction has been filed and the court has acquired jurisdiction of the person, if the defendant does any act which the complaint seeks to enjoin, he acts at his peril and subject to the power of the court to compel a restoration of the status quo ante, or to

grant such other relief as may be proper under the particular circumstances of the case. Turney v. Shriver, 269 Ill. 164, 172, 109 N. E. 708. If plaintiffs in the instant case can successfully demonstrate that the amendatory zoning ordinance was invalid, they may be able to compel the removal of this motor truck terminal. Gulick v. Hamilton, 287 Ill. 367, 122 N. E. 537; Welton v. 40 East Oak Street Bldg. Corp., 70 F.2d 377. Plaintiffs commenced this action only fifteen days after excavation for the foundation had begun. Defendants apparently preferred to continue construction of the truck terminal without waiting for a judicial determination of their rights. This was their privilege, but it was also their risk. Action taken by defendants during the pendency of this litigation cannot destroy whatever rights plaintiffs may have. We are not passing on the merits of plaintiffs' case, but hold that the existence of this potential remedy demonstrates that this case is not moot.

█ We must, then, turn to a consideration of whether a summary judgment was properly granted. Section 57 (3) of our Civil Practice Act (Ill. Rev. Stat. 1957, Ch. 110, Sec. 57 (3)) provides:

". . . The judgment or decree sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."

The purpose of summary judgment proceedings is to determine whether there is any genuine triable issue of fact which must be passed upon and, if there is, the motion for summary judgment must be denied. Barkhausen v. Naugher, 395 Ill. 562, 567, 70 N. E. 565; Shirley v. Ellis Drier Co., 379 Ill. 105, 110, 39 N. E. 329; Rowan v. Matanky, 348 Ill. App. 296, 299, 108 N. E. 799; Printing Mach. Maintenance, Inc. v. Carton

Products Co., 15 Ill.App.2d 543, 147 N.E.2d 443; Seno v. Franke, 16 Ill.App.2d 39, 147 N.E.2d 469.

■ The principal ground upon which plaintiffs base this suit is that the amendment to the ordinance was invalid as an improper exercise of the police power of the municipality. The complaint states that the suit is based upon Section 73—9. Defendants contend that section covers only suits for violation of zoning ordinances and cannot support a suit seeking to establish the invalidity of an ordinance. It is true that the complaint purports to be filed under Section 73—9 on the assumption, we presume, that if the amendment to the ordinance was invalid because of defects in the proceedings that led to its enactment, then defendants are violating the original ordinance. But plaintiffs do not rely on this alone. In paragraph 7 of the amended complaint they allege that this motor truck terminal would alter the character of the neighborhood, endanger the lives of the residents and their children, encumber the community with a constant procession of motor freight vehicles, physically deteriorate and destroy the property owned by plaintiffs, cause constant noise and vibrations, render the occupancy of plaintiffs' homes unbearable, unhealthy and untenable, and that the exhaust fumes from the motor trucks using the terminal would pollute the atmosphere with noxious fumes. These same allegations were incorporated in plaintiffs' claim that the truck terminal would constitute a nuisance. These are allegations sufficient to sustain a prayer for relief addressed to the general equity powers of the court.

■■ When the claim is made that a zoning ordinance is invalid in its application to a particular piece of property, the issue must be decided on the particular facts of each case. Quilici v. Village of Mt. Prospect, 399 Ill. 418, 424, 78 N. E. 240. The validity of an amendatory zoning ordinance must be determined by

the application of the same tests that apply in ascertaining the validity of the original ordinance. Bohan v. Village of Riverside, 9 Ill.2d 561, 138 N.E.2d 487. In Mack v. County of Cook, 11 Ill.2d 310, 142 N.E.2d 785, the court said, p. 315:

"Among the factors to be considered in deciding the question [the validity of a zoning ordinance] are the use and zoning of nearby property, the character of the neighborhood, the extent property values are diminished, and the relief given to the public as compared to the hardship imposed upon the owner. . . . In determining the validity or invalidity of a given zoning classification, the question whether or not it is in conformity with surrounding existing uses and the zoning classification of nearby property is considered of paramount importance."

We are of the opinion that plaintiffs have raised a controversy as to genuine factual issues which were left unresolved by the motion for summary judgment. As the case will have to go to trial on the issues made by the complaint and answer, it is unnecessary for us to enter into a discussion of any of the other points raised on these appeals.

The motion of defendants to dismiss the appeal from the order denying the motion for a preliminary injunction is allowed and that appeal is dismissed. The motion of defendants to dismiss the appeal from the order granting summary judgment is denied. That judgment is reversed and the cause is remanded with directions to the trial court to deny the motion for summary judgment and to require defendants to answer the complaint, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Motion to dismiss appeal from order denying motion for preliminary injunction allowed; appeal dismissed.

Motion to dismiss appeal from order for summary judgment denied. Judgment reversed and cause remanded with directions.

McCORMICK and ROBSON, JJ., concur.