ALBRIGHT, PERSONALLY AND ADMINISTRATRIX, ET AL. *v.* CARNAHAN, GUARDIAN.

[No. 20,414. Filed May 11, 1967. Rehearing denied June 7, 1967. Transfer denied November 13, 1967.]

*Beckman, Rotruck, Schuyler and La Pierre* and *Peck, Peck, Scott & Shine* and *John E. Scott,* all of Anderson, for appellants.

*Schrenker & Anderson,* of Anderson, for appellee.

COOK, J.—This was an action commenced by Maxine Carnahan, as Guardian of Townsend Albright, her son (Appellee) for partition of certain real estate located in Anderson, Madison County, Indiana. The complaint alleged that Appellee's ward was the owner of an undivided one-half interest in the real estate and that Appellants were the owners of the other one-half interest. Appellants filed answers in general denial and Appellant Dolores Albright filed a second paragraph of answer asking that the estate of George E. Albright be declared to be the sole owner of the real estate.

Trial was had on the following condensed stipulation of facts:

"1. On February 17, 1951 Elmer S. and Ethel Albright were the owners of certain real estate.

2. That on said date Elmer S. and Ethel Albright conveyed said real estate to Henry P. Schrenker, as trustee to reconvey.

3. That on said date said trustee conveyed the real estate to Elmer S. Albright, Townsend S. Albright and George E. Albright in joint tenancy, 'and to the survivor of them.'

4. That Elmer S. Albright died in June, 1957.

5. That after the death of said Elmer S. Albright, and sometime prior to the death of said Townsend S. Albright in May, 1960, Townsend S. Albright and Maxine Albright, then husband and wife, executed a warranty deed by which they purported to convey the real estate to William J. Norton, as Trustee.

6. That in June, 1958, William J. Norton, as trustee, executed a warranty deed by which he purported to convey said real estate to Townsend S. Albright and Maxine Albright, husband and wife.

7. That, at the time of the death of said Townsend S. Albright, the deeds referred to in Stipulations Nos. 5 and 6 above were in said Townsend S. Albright's (*and Maxine Al Bright P. E. S.*) safety deposit box.

8. That in November, 1963 Maxine Carnahan and William Carnahan, her husband, executed a warranty deed, using the phrase 'convey and quitclaim,' by which they purported to convey the real estate to Townsend S. Albright, the son of Townsend S. Albright, deceased, heretofore referred to. (*8½ All of the foregoing deeds are by reference made a part of this stipulation. P. E. S.*)

9. That George E. Albright, one of the grantees in the warranty deed dated February 17, 1951 died in January, 1964.

10. That the defendant, Dolores Albright, was appointed administratrix of the estate of George E. Albright and is presently serving as such.

11. This action shall be submitted to the Court upon the foregoing facts."

The words and figures bracketed were unilaterally added by Paul E. Schrenker, attorney for Appellee, after the stipulations were agreed to and submitted to the court.

The trial court entered findings, in part, and judgment against the Appellants, as follows:

"The Court finds that Townsend Albright, ward of the plaintiff guardian, Maxine Carnahan, is an owner of a one-half (½) interest in the real estate and that Peggy S.

Cohen and Nancy L. Suiter, as the only children of George E. Albright, deceased, are the owners of the one-half (½) of the said real estate subject to a life estate in one-third (⅓) of this one-half (½) interest in said real estate owned by Dolores Albright, the second childless spouse of George E. Albright, deceased:"

By the judgment and decree, Paul E. Schrenker was appointed commissioner to make sale of said real estate and after the costs and expenses of sale,

"the balance be paid to the parties to this action in proportion equal to their several interests in said estate."

Shortly after judgment was entered the Appellants Cohen and Suiter, and Appellant Dolores Albright, filed separate motions for a new trial on the following grounds:

"1. The decision and judgment of the Court is not sustained by sufficient evidence and is contrary to law.
2. The judgment of the Court is contrary to law."

It is contended by Appellants that Appellee has no title in the subject real estate because the deeds referred to in stipulations numbered 5 and 6 were never "delivered." If this is, true, the chain of title relied upon by Appellee fails, and title should be quieted in Appellants, as George E. Albright, the surviving joint tenant, would have become the owner of the entire estate.

Our Supreme Court said, in *Klingaman* v. *Burch* (1940), 216 Ind. 695, at 698, 25 N. E. 2d 996:

"In all disputes as to whether or not a deed has been delivered, the most important inquiry is to ascertain the intent of the grantor, in the act or several acts, which, it may be claimed, constitute a delivery. Did he intend to part with all control over the deed? Did he intend to divest himself of the title and lodge it in the grantee?"

Thus, the intention of the grantor is the controlling factor. If there is no intention on the part of the grantor that the

deed become effective, there is no delivery. *Bellin* v. *Bloom* (1940), 217 Ind. 656, 28 N. E. 2d 53. *Murrer* v. *Murrer* (1939), 106 Ind. App. 304, 19 N. E. 2d 494, *Scott* v. *Scott* (1955), 126 Ind. App. 3, 127 N. E. 2d 110. This is true even if the deed has been manually delivered by the grantor to the grantee.

> "While manual delivery of a deed by the grantor to the grantee is the simplest means of transfer and is sometimes referred to as 'absolute delivery,' it is not always conclusive. Such act, to be effective, must be accompanied with an intent on the part of the grantor to pass title and it must not be hampered by the reservation of any right of revocation or recall." *Klinger* v. *Ottinger* (1939), 216 Ind. 9, at pp. 15-16, 22 N. E. 2d 805.

We find no indication from the stipulated facts that the deeds in question were actually delivered. It does not appear that Townsend Albright intended to part with all control over the deeds. Townsend Albright never yielded possession of the conveying instruments.

It is more than mere speculation that Townsend Albright could have destroyed the deeds and, as surviving co-tenant, become the owner of the entire fee. While, if he died before his brother, as in fact occurred, the deeds could be recorded, thus supposedly breaking the joint tenancy.

Appellee does not claim that the deeds were delivered in fact. It is Appellee's contention that because the stipulations recited that the deeds were "executed," no question of delivery is presented to this Court as the term "executed" necessarily includes delivery. In view of the fact that the language "purported to convey" is included in stipulations numbered 5 and 6, we hold that Appellee's contention is without merit.

We conclude that the deeds never left the control or possession of Townsend Albright, and the deeds were in fact never delivered, and must be treated as a nullity and without effect.

Accordingly, the judgment must be reversed and the trial

court is ordered to enter judgment and decree for the Appellants and against the Appellee, consistent with this opinion.

Judgment reversed.

Pfaff, P. J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 226 N. E. 2d 165.