SHOAL CREEK DRAINAGE DISTRICT, Plaintiff-Appellant, *v.* GULF INTERSTATE ENGINEERING COMPANY, Defendant-Appellee.

(No. 70-5; ▮▮▮▮▮▮▮▮

Fifth District—January 5, 1971.

Maurice T. Macy, of Litchfield, and Sam M. Taylor, of Taylorville, for appellant.

Paul S. Hickman, of Hillsboro, and Albert S. Tabor, Jr., and Leon S. Conlon, of Chicago, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff-Appellant, Shoal Creek Drainage District prosecutes this appeal from an order of the Circuit Court of Montgomery County, which dissolved a temporary injunction enjoining Defendant-Appellee Gulf Interstate Engineering Company, a Corporation. Plaintiff has an easement permitting it to enter upon lands owned by one W. Darrell Kilton for the purpose of improving the Shoal Creek Channel to facilitate drainage.

Subsequent to the granting of the easement to Plaintiff, the owner of the lands granted to Gulf Central Pipeline Company, an easement to construct a pipeline through the premises, and the project was engineered to cross Shoal Creek Channel by placing the pipeline beneath the surface of the Channel bed. Defendant Gulf Interstate Engineering Company had contracted with Gulf Central to construct the pipeline.

The injunction was issued without notice, subsequently set for hearing and on the hearing was dissolved, the order of dissolution being entered on December 15, 1969. Plaintiff waited thirty days and then filed notice of appeal, and also requested and was granted extension of time for filing its brief to March 12, 1970.

Defendant filed motion to dismiss the appeal on the ground that the issue was moot and we took the motion with the case.

The parties agree that the pipeline was in place and the project completed upon the premises in question at the time of the filing of the motion to dismiss the appeal.

Plaintiff's complaint for injunction in the trial court stated that Defendant "* * * threatens to immediately trespass upon Plaintiff's right-of-way * * *" and the prayer for relief was for an injunction to restrain the threatened trespass.

In *Mills v. Green* 159 U.S. 651, the court said "The duty of this Court * * * is to decide actual controversies, *by a judgment which can be carried into effect * * *"* (Emphasis ours).

■■ The alleged threatened "trespass" had been completed. The pipeline has been installed. The issues before the trial court are no longer in existence and this Court will not review a case when its decision would resolve a moot or abstract question. See *La Salle National Bank v. The City of Chicago*, 3 Ill.2d, 375, and authorities there cited.

To reverse the Trial Court's order dissolving the injunction would be to reinstate the order enjoining the threatened trespass which has now occurred, and the result would be to reinstate a judgment which could not be carried into effect. In *Barnard v. Michael*, 392 Ill. 130, 135, the court said, "It is elementary that a reviewing court is not bound to determine questions which have become moot or academic and the decision of which will serve no beneficial purpose to the litigants. The duty of a court in the exercise of its power of appellate review is confined to consideration of actual controversies, cases in which the judgment can be given effect."

■■ Additionally, if Plaintiff has in fact sustained damages, they are no longer speculative or prospective. Such damages, if any, are now susceptible to direct, affirmative proof, and it would appear that an entirely adequate remedy at law exists.

The issue here is clearly moot and the motion to dismiss the appeal on that ground is allowed.

Appeal dismissed.

MORAN, P. J., and EBERSPACHER, J., concur.