HOWARD SCHNEPPER, Plaintiff-Appellant, v. AMERICAN INFORMA-TION TECHNOLOGIES, INC., *et al.*, Defendants-Appellees.

First District (4th Division)   No. 84—2952

Opinion filed September 19, 1985.

Frank M. Greenfield, of Frank M. Greenfield, Ltd., of Chicago (Richard Wolfe, of counsel), for appellant.

Kenneth J. Jurek, Robert J. Kriss, and Ernest Lidge, all of Mayer, Brown & Platt, of Chicago, for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

This is an interlocutory appeal from the denial of a request for a preliminary injunction by the circuit court of Cook County. On September 19, 1984, plaintiff, Howard Schnepper[1], filed a complaint against Ameritech Mobile Communications, Inc., and its subsidiaries seeking to permanently enjoin them from constructing a cellular mobile telephone facility, consisting of an equipment storage building and a 117-foot high monopole and antenna, on property located in unincorporated Cook County. On September 25, 1984, plaintiff filed a motion for a temporary restraining order or, in the alternative, a preliminary injunction. The court, on September 25, 1984, granted plaintiff's request for a temporary restraining order. However, on October 31, 1984, the court entered an order dissolving the temporary restraining order and denying plaintiff's motion for a preliminary injunction. Plaintiff did not move for a stay any time thereafter.

Plaintiff now appeals the trial court's denial of his request for a preliminary injunction on the ground that the trial court abused its discretion. He argues this is so because defendants Ameritech and its subsidiaries are not public utilities, and even if they are public utilities their cellular facility is not one of the uses intended to be exempted under the public utility exemption.

Defendants, on the contrary, argue that since they legitimately completed construction of the cellular facility after the trial court denied plaintiff's request for a preliminary injunction, plaintiff's appeal is moot. Defendants assert that on October 31, 1984, the trial court denied plaintiff's request for preliminary injunction; that construction of the cellular facility was completed on December 15, 1984; and that the facility became fully operational on December 21, 1984.

---

[1]Schnepper is a beneficiary of La Salle National Bank Trust No. 35203. Said trust is the legal owner of the real estate and improvement located at 1214 North Branch, Wilmette, Cook County, Illinois, which lies 30 feet from the cellular facility constructed by defendants.

OPINION

A question is moot when it presents or involves no actual controversy or when the issue ceases to exist. (*Gribben v. Interstate Motor Freight System Co.* (1958), 18 Ill. App. 2d 96, 102, 151 N.E.2d 443, 447.) Moreover, this court will not decide actual controversies by a judgment which cannot be carried into effect. *Shoal Creek Drainage District v. Gulf Interstate Engineering Co.* (1971), 130 Ill. App. 2d 906, 907, 226 N.E.2d 165, 165.

In support of his argument that the appeal is not moot, plaintiff cites *Freehling v. Development Management Group, Inc.* (1979), 75 Ill. App. 3d 243, 393 N.E.2d 646, *Paulus v. Smith* (1966), 70 Ill. App. 2d 97, 217 N.E.2d 527, and *Welton v. 40 East Oak Street Building Corp.* (7th Cir. 1934), 70 F.2d 377, for the proposition that if one completes the erection of a structure while an action to enjoin it as constituting a violation of building restrictions is pending, he acts at his peril.

■ Plaintiff correctly states the general rule. More precisely, the rule provides that after the suit for injunction has been filed and the court has acquired jurisdiction of the person, if the defendant does any act which the complaint seeks to enjoin, he acts at his peril and is subject to the power of the court to compel a restoration of the *status quo ante* or to grant such other relief as may be proper under the particular circumstances of the case. (*Gribben v. Interstate Motor Freight System Co.* (1958), 18 Ill. App. 2d 96, 103, 151 N.E.2d 443, 447.) However, this general rule has been applied only where the merits of the case are before the court. (See *Gribben v. Interstate Motor Freight System, Co.* (1958), 18 Ill. App. 2d 96, 151 N.E.2d 443; *Turney v. Shriver* (1915), 269 Ill. 164, 109 N.E. 708; *New Haven Clock Co. v. Kochersperger* (1898), 175 Ill. 383, 51 N.E. 629.) The merits of the cases cited by plaintiff were also before the court. In the case at bar, the merits are not before the court. The only issue before the court is that of a preliminary injunction. We conclude that the cases cited by plaintiff are inapposite here because of this distinguishing point.

The purpose of the preliminary injunction is to preserve the *status quo* pending a decision on the merits of the case. The *status quo* to be preserved by a preliminary injunction is the last, actual, peaceable, uncontested status which preceded the controversy. (*Spunar v. Clark Oil & Refining Corp.* (1977), 53 Ill. App. 3d 477, 481, 368 N.E.2d 990, 993.) Moreover, a preliminary injunction is a provisional remedy grounded in equity. *Kraft v. Solon* (1975), 32 Ill. App. 3d 557, 561, 336 N.E.2d 577, 580.

■ In the present case, the record reveals that on October 31,

1984, the court denied plaintiff's request for a preliminary injunction and dissolved plaintiff's temporary restraining order. After the court refused to grant plaintiff's request for a preliminary injunction, defendant proceeded to complete the cellular facility which became fully operational on December 21, 1984.

We note that defendants legitimately and lawfully completed the construction of the facility after the court refused to grant plaintiff's request for a preliminary injunction. It has been held that equity will not require the defendant temporarily to undo what has been legitimately done. (*Faulkner v. Georgia Power Co.* (1978), 241 Ga. 618, 247 S.E.2d 80.) Further, where there are changed circumstances which render the issue on appeal moot, the appeal will be dismissed. (*Spencer v. Community Hospital* (1975), 30 Ill. App. 3d 285, 287, 332 N.E.2d 525, 526.) Changed circumstances have been determined by some courts to be events or an event that prevents the court from granting plaintiff the relief he originally sought. See *Spencer v. Community Hospital* (1975), 30 Ill. App. 3d 285, 332 N.E.2d 525; *Shoal Creek Drainage District v. Gulf Interstate Engineering Co.* (1971), 130 Ill. App. 2d 906, 226 N.E.2d 165.

This court in *Gribben v. Interstate Motor Freight System Co.* (1958), 18 Ill. App. 2d 96, 151 N.E.2d 443, under similar factual circumstances, dismissed the plaintiffs' argument as moot on the issue of preliminary injunction. In *Gribben*, the trial court denied plaintiffs' motion for a preliminary injunction to enjoin the defendant from building a motor freight terminal. Plaintiffs appealed. During the pendency of the appeal, defendant completed the terminal. The court of review held that the issue of preliminary injunction was moot since appeal on that issue served no practical purpose; the only purpose the appeal served was to reveal the diligence with which plaintiffs prosecuted their action. *Gribben v. Interstate Motor Freight System* (1958), 18 Ill. App. 2d 96, 102, 151 N.E.2d 443.

Likewise, we hold that because the cellular facility is now completed, and we can no longer preserve the *status quo* which plaintiff originally sought in his request for a preliminary injunction, his appeal serves no practical purpose. (*Spencer v. Community Hospital* (1975), 30 Ill. App. 3d 285, 287, 332 N.E.2d 525, 526.) Therefore, in accordance with *Gribben* and *Spencer*, we conclude that plaintiff's issue is moot, as it would serve no practical purpose to rule on that issue in this appeal since we can no longer grant plaintiff the relief he originally sought in his request for a preliminary injunction.

Nevertheless, it must be stressed that this case is not moot on its merits, which are not before this court. Moreover, if the trial court

rules against defendants, they may be compelled to dismantle the cellular facility. The mere fact that plaintiff sought to enjoin the construction of structures which are now completed does not mean that plaintiff is left with no remedy if a judgment ultimately is rendered in his favor. *Gribben v. Interstate Motor Freight System Co.* (1958), 18 Ill. App. 2d 96, 102, 151 N.E.2d 443, 447.

For the foregoing reasons, plaintiff's appeal is dismissed as moot.

Appeal dismissed.

JIGANTI, P.J., and LINN, J., concur.