Ernest M. Mandel, Plaintiff-Appellant, v. Gerald Jordan and Milton R. Gassel, Defendants-Appellees.

Gen. No. 50,004.

First District, Fourth Division.

March 31, 1965.

Elmer Gertz, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Harry G. Fins, of Chicago, for appellees.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Plaintiff appeals from a finding and judgment in favor of defendants entered at the close of plaintiff's case in a bench trial.

The complaint was based on a written contract for architect's fees for the construction of a motel, and alleged that plaintiff had completed 90% of his work; that plaintiff was entitled to 5½% of the reasonable construction cost of the motel, which was estimated at $436,000; and that after crediting defendants with $3,000 paid under said contract the balance due plaintiff was $18,500.

Defendants in their answer denied the allegations of the complaint as to the written agreement but admitted that $3,000 had been paid by them to plaintiff and pleaded as an affirmative defense that the parties had an agreement that the written contract was not to go into effect until and unless a mortgage was obtained to finance the project, and that no mortgage was ever obtained. Plaintiff filed no reply and defendant contends that therefore the allegations of the affirmative defense stand as admitted under section 40(2) of the Civil Practice Act (Ill Rev Stats 1963, c 110, § 40(2)).

 We find that the alleged affirmative defense was an argumentative denial of the terms of the written agreement and required no reply. Mirski v. Chesapeake & O. Ry. Co., 31 Ill2d 423, 202 NE2d 22.

Plaintiff argues that sufficient evidence was adduced at the trial to present a prima facie case. The written contract was corroborated by a letter from one of the defendants dated six months after the execution of the written agreement stating: "Re: Sky Harbor Motel. Please proceed posthaste with working plans on above project." Plaintiff testified that approximately 90% of the work under his contract had been completed; that plaintiff was requested by one of the defendants to prepare additional preliminary drawings for build-

ing a 98-room motel instead of one of 60 rooms; that plaintiff's employees under his supervision had devoted 1020½ hours of work in the preparation of plans.

■ ■ The court sustained objections by the defendant to the introduction of evidence showing the estimated cost of the motel. The plaintiff should have been permitted to present this evidence in proving his right under the written agreement to 5½% of the cost or estimated cost of the motel. The court entered its finding and judgment at the close of plaintiff's case. Under section 64(5) of the Civil Practice Act the court "shall weigh the evidence." Even if the court believed that the credibility of plaintiff as a witness had been impeached,[1] the uncontradicted evidence shows that there was a written contract for architectural fees, that one defendant had asked for posthaste action on working plans, that approximately 90% of plaintiff's work had been performed and that part payment had been made by the defendants. The plaintiff made an offer of proof that $436,000 was a minimum reasonable estimate of the cost of construction. Under all the circumstances, the finding and judgment were manifestly against the weight of the evidence.

On appeal plaintiff urges that since the project was abandoned[2] he can recover under Article 4 of the written agreement for "the service rendered on account

---

[1] On cross-examination of plaintiff, defendant made an offer of proof that plaintiff had filed an affidavit for a mechanic's lien in Iowa in connection with the prospective motel herein involved in which he stated that he had a written contract with J. M. Corporation. Plaintiff testified that he had no written contract with J. M. Corporation. The offer of proof was objected to but no ruling on the objection appears in the record. Defendant's Exhibit 1 for identification (an exemplified copy of a mechanic's lien) was never introduced into evidence.

[2] It was stipulated that no motel was constructed.

278

of it." However, at the trial plaintiff produced no evidence as to the value of the services performed.

The finding and judgment are reversed and the cause remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

McCORMICK, P. J. and ENGLISH, J., concur.