Breemon A. Harp, Plaintiff-Appellant, v. Gulf, Mobile & Ohio Railroad Company, a Corporation, Defendant-Appellee.

Gen. No. 65–62.

Fifth District.

January 4, 1966.

Cohn, Cohn & Korein, of East St. Louis (Sandor Korein, of counsel), for appellant.

Griffith & Hoefert, of Alton, for appellee.

GOLDENHERSH, P. J.

Plaintiff filed suit in the Circuit Court of Madison County, alleging that defendant was a common carrier by railroad, that plaintiff was employed by defendant in

furtherance of its business in interstate commerce and brings his suit under the provisions of the Federal Employers' Liability Act, that plaintiff fell and was injured while on the lot maintained, controlled and used by defendant for parking of its employees' vehicles. The complaint charges defendant was negligent in failing to provide plaintiff with safe means of ingress and egress to his place of work, failure to provide sufficient lighting whereby plaintiff could see en route to his job, and failure to provide plaintiff with a safe place in which to work. The complaint also contained a general allegation of negligence.

Defendant answered, took plaintiff's discovery deposition, and filed a motion for summary judgment, supported by affidavits of two of its employees. Plaintiff filed counter affidavits. The court allowed defendant's motion for summary judgment, entered judgment in favor of defendant in bar of suit, and plaintiff appealed.

The motion for summary judgment states that it is shown in plaintiff's discovery deposition that he was injured at 10:30 p. m., that he was not "due to go to work" until 11:00 p. m., that on a photograph presented to plaintiff during the taking of the discovery deposition, he marked the exact place at which he fell, and the motion should be allowed for the reasons that plaintiff was not in the course of his employment at the time he fell, and the fall occurred on premises not owned, managed, controlled or used in any manner by defendant.

From plaintiff's discovery deposition it appears that at 10:30 p. m. on May 21, 1964, plaintiff parked his car in one of 15 parking spaces adjacent to a building known as the Pullman Building, and walked in a northerly direction toward the locker room where he intended to change into his work clothes, that approximately 20 to 30 feet south of the stairs leading to the locker room, he

35

fell into a hole and was injured. The hole was situated 40 to 50 feet north of the place where plaintiff had parked his car. He stated he had always parked in the same general area, that is, on a lot situated to the south of the stairs leading to the locker room. Usually he parked on the east side of the lot, but on the night in question, some one had taken his usual parking space, and he parked at the side of the Pullman Building, which building is situated on the west side of the lot. This was the first time in about six months that he had parked on the side of the Pullman Building. No one had ever told him he could park on the lot, he had seen other of defendant's employees, including foremen and a master mechanic, park there, and he did likewise. No one had ever told him who owned the property where he parked, or the property where he fell, and so far as he knew it was owned by defendant.

In an affidavit filed in support of defendant's motion, the affiant identified a lease which showed defendant to be the lessee of certain premises owned by another railroad, and a survey plat of the premises leased. The plat shows the steps leading to the locker room to be 5 feet north of the south boundary of the property leased by defendant, and places the hole into which plaintiff fell 22½ feet south of the boundary line, and therefore not on the premises leased to defendant.

A second affidavit filed in support of defendant's motion states that plaintiff did not fall on property "leased, owned, maintained, used or controlled in any manner by defendant."

In an affidavit filed by plaintiff in opposition to the motion for summary judgment, the affiant states he has been employed by defendant for many years, that during that time, employees of defendant have parked in the area where plaintiff was injured, that equipment owned by defendant was regularly moved back and forth across the same area.

In plaintiff's affidavit filed in opposition to the motion, in addition to what was said in his discovery deposition, he stated he had frequently seen defendant's equipment move back and forth across the area where he fell.

In the order granting defendant's motion for summary judgment, the court found that the time factor was insufficient to justify the allowance of the motion. The order continues, "However, inasmuch as it is conclusively shown by the Motion for Summary Judgment that the plaintiff fell upon land not owned or leased by the defendant, and not under defendant's control, which land was nevertheless used by defendant's employees and also by defendant in the course of its business, as shown by plaintiff's Affidavits, and this cause being predicated upon the Federal Employers' Liability Act and not upon the Workmen's Compensation Act, in the opinion of the court, there are no cases which would allow an action of this kind against the defendant." The court further found that the case "does not come under the purview of Section 51 of Title 45, USCA, and known as the Federal Employers' Liability Act."

Plaintiff contends that a jury, with reason, could find that defendant was negligent in that its equipment may have created the condition which caused plaintiff's injury, that since the area in which the plaintiff was injured was in close proximity and adjacent to the entrance to the locker room entrance, defendant failed to provide sufficient lighting, or if defendant did not in fact use, manage, control or own the premises, it was nevertheless negligent in failing to provide a safe approach to the locker room.

Defendant contends that in order to recover under Federal Employers' Liability Act, plaintiff must prove he was injured while in the course of his employment, and as the result of defendant's negligence, and neither requisite is present in this case.

The purpose of summary judgment proceedings is to determine whether there is any genuine triable issue of fact which must be passed upon. Gribben v. Interstate Motor Freight System Co., 18 Ill App2d 96, 151 NE2d 443. If the pleadings, discovery depositions and exhibits, present a genuine issue as to any material fact, summary judgment should not be granted. Halloran v. Belt Ry. Co. of Chicago, 25 Ill· App2d 114, 166 NE2d 98. The right of the moving party to summary judgment must be free from doubt. Miller v. Owens-Illinois Glass Co., 48 Ill App2d 412, 199 NE2d 300. The affidavits filed in support of a motion for summary judgment will be strictly construed and must leave no question of the movant's right to judgment, but the affidavits filed in opposition thereto will be liberally construed. Tansey v. Robinson, 24 Ill App2d 227, 164 NE2d 272.

In Urie v. Thompson, 337 US 163, 69 S Ct 1018, the Supreme Court of the United States, speaking of the Federal Employers' Liability Act, said, "What constitutes negligence for the statute's purposes is a federal question, not varying in accordance with the differing conceptions of negligence applicable under state and local laws for other purposes. Federal decisional law formulating and applying the concept governs." The Supreme Court has repeatedly held that if negligence of the employer played any part, even the slightest, in producing injury or death, the employee may recover damages for the injuries which are the consequences of such negligence. Gallick v. Baltimore & O. R. Co., 372 US 108, 83 S Ct 659; Rogers v. Missouri P. R. Co., 352 US 500, 77 S Ct 443.

In Krooker v. Pittsburgh & L. E. R. Co., 258 F2d 876, (CCA–6) the plaintiff was employed in a switching operation conducted several miles from the building where he reported for work. In order to get to the point on the defendant railroad's tracks where the switching

was to be done, it was necessary to cross the tracks of the B & O. For many years there had been a path worn over these tracks, which path led to defendant's tracks. The plaintiff was injured as the result of a fall on the path. He testified that he was injured on the defendant's property. There was testimony to the effect that the defendant railroad, at times, had salted the path to melt ice which accumulated there, and that officials of the defendant railroad, including engineers, trainmen, firemen and conductors used the path. The court directed a verdict in favor of the defendant railroad on the sole ground that the accident did not happen on the property of the defendant railroad, but on property of the B & O Railroad, and the defendant had no duty to keep the path in safe condition, notwithstanding evidence of its use by defendant's employees. In reversing the judgment, the court, at page 878, said, "It requires no citation of authorities, at this late date to support the principle that an employer is under obligation to use due care to provide his employees with a safe place to work. If this principle is limited to work actually being done upon property of the employer there is no proof that Kooker's accident occurred on the property of the B & O rather than on that of the defending railroad. It is true, of course, that Kooker had the burden of proving a duty of the appellee to keep the path in safe condition but Kooker had long been familiar with the approaches to the defendant's tracks, with its use by its supervising employees, its previous efforts to promote its safety, and that over a period of thirty years it had been used for access to its own property, both by its employees and others. Kooker's testimony that he was injured upon the property of the appellee rises to something more than an unsupported conclusion. Certainly there is room for an inference that appellee, whether rightly or wrongly, exercised dominion over the path whereon the accident

39

occurred. At the very least, it presented a question for the jury.

"But the duty of an employer to provide his servants with a safe place to work is not so circumscribed and there are many federal cases which hold that the obligation of an employer may extend beyond its premises and to property which third persons have a primary obligation to maintain. (Citing cases.)"

The defendant railroad also contended that it was not liable because it had itself established a parking lot which its employees could use. In rejecting this contention, the court, at page 878, said, "Employees of the defendant were left to their choice in using the parking lot to the north or the lot to the south, provided by the appellee. Employees were not required to use its lot and they had for many years, without warning, used the parking lot to the north which required ingress to the working area over the path upon which Kooker was injured."

■■ In the case at bar, the mere fact that defendant did not own the lot on which plaintiff alleges he fell does not conclusively bar plaintiff's action. That portion of defendant's supporting affidavit which states defendant did not use the lot is contradicted by plaintiff's testimony in the discovery deposition and the statements in his affidavits to the effect that defendant's employees parked there, and defendant's equipment was moved back and forth across it. As stated in Kooker, whether defendant, rightly or wrongly, exercised control over the area, is a question of fact.

■ There is nothing in any of the affidavits or the discovery deposition concerning other means of ingress and egress to the locker room. That furnishing safe means of ingress and egress is an integral part of the duty imposed upon an employer to provide an employee with a safe place to work, is so firmly established under the Federal Employers' Liability Act, as to require no

40

citation of authorities. Whether defendant, assuming it had knowledge of its employees' use of the parking lot, was negligent in not providing adequate lighting, would also present an issue of fact, not entirely decided by the defendant's lack of control of the area where the injury occurred.

On the record here presented, and under the authorities herein cited, the court erred in holding that there was no genuine issue as to any material fact and the judgment must be, and is, therefore, reversed, and the cause remanded to the Circuit Court of Madison County with directions to deny the motion for summary judgment and for such further proceedings as are consistent with the views herein expressed.

Judgment reversed, and cause remanded with directions.

MORAN and EBERSPACHER, JJ., concur.