**Frank Watkins, Plaintiff-Appellee, v. William A. Lewis, Jr., Defendant-Appellant.**

**Gen. No. 51,586.**

First District.
May 29, 1968.
Rehearing denied July 1, 1968.

George F. Barrett, of Chicago (Donald J. Duffy, of counsel), for appellant.

Gunn, Davidson & Brantman, of Chicago (Edwin N. Gunn, of counsel), for appellee.

MR. JUSTICE CRAVEN delivered the opinion of the court.

The plaintiff brought suit for personal injuries sustained in an automobile accident. The trial court entered summary judgment for the plaintiff against the defendant on the issue of liability. The issue of damages was tried before a jury and a verdict returned in the amount of $10,000.

The plaintiff's amended complaint alleged that while the plaintiff was stopped for a red light he was rear-ended by the defendant. The complaint set forth the following alleged acts of negligence: following too close, excessive speed for conditions, insufficient lookout, failure to equip with adequate brakes, failure to apply brakes, failure to keep the vehicle under control, failure to avoid collision, and a general allegation of negligent operation. The defendant denied all material allegations in the complaint relating to the issue of liability.

At the time of the plaintiff's motion for summary judgment, the defendant's deposition was on file. This deposition contained certain admissions of a party-opponent and admitted therein that the defendant pulled away from the curb 50 feet from the intersection where the accident occurred. At that time the plaintiff's vehicle was stopped at the intersection for a red light. The plaintiff's car was the only car stopped at the intersection and occupied the third lane of five lanes of northbound traffic. All other lanes of traffic were unoccupied. The defendant stated that he was traveling 8 to 10 mph when he first attempted to apply his brakes some 20 to 25 feet behind the plaintiff. The brakes did not work and the defendant stated his speed at the time of the impact was 8 to 10 mph.

The plaintiff then filed an affidavit swearing to the facts of the accident within his personal knowledge; that his car was rear-ended while stopped for a red light in the center lane of a highway containing two unoccupied

184

lanes of traffic to his right and two unoccupied lanes of traffic to his left. These basic facts are not in dispute.

Based upon the foregoing, the plaintiff filed a motion for summary judgment. The defendant then filed a counteraffidavit which raised the defense of sudden mechanical failure. The basic facts within the defendant's knowledge were alleged as follows:

> "That when he applied his foot to the brake pedal it went all the way to the floor and the foot brake did not slow or stop his automobile. . . . That the brakes of the 1957 Ford station wagon had been adjusted on August 3, 1960 by J. J. Wright Motor Company, 242 West 55th Street and from that date until the time of the accident said brakes had performed normally while your affiant was operating that car. The first notice your affiant had of the failure of the brakes on the 1957 Ford station wagon to properly stop and hold the automobile was when he applied them 20–25 feet behind the rear of the vehicle stopped at the traffic light at 43rd and Indiana."

At this point the defendant again reaffirmed that at that time he was only 20 to 25 feet behind the plaintiff and traveling at a speed of 8 to 10 mph.

 The rules of law with respect to summary judgment were succinctly restated in the recent case of Harp v. Gulf, M. & O. R., 66 Ill App2d 33, 38, 213 NE2d 632, 634 (5th Dist 1966):

> "The purpose of summary judgment proceedings is to determine whether there is any genuine triable issue of fact which must be passed upon. Gribben v. Interstate Motor Freight System Co., 18 Ill App2d 96, 151 NE2d 443. If the pleadings, discovery depositions and exhibits, present a genuine issue as to any material fact, summary judgment should not be granted. Halloran v. Belt Ry. Co. of Chicago,

25 Ill App2d 114, 166 NE2d 98. The right of the moving party to summary judgment must be free from doubt. Miller v. Owens-Illinois Glass Co., 48 Ill App2d 412, 199 NE2d 300. The affidavits filed in support of a motion for summary judgment will be strictly construed and must leave no question of the movant's right to judgment, but the affidavits filed in opposition thereto will be liberally construed. Tansey v. Robinson, 24 Ill App2d 227, 164 NE2d 272." . . .

■ The undisputed facts raise a single defense—sudden mechanical failure. This is a proper defense sufficient to present a question of fact to a jury. Savage v. Blancett, 47 Ill App2d 355, 198 NE2d 120, 122, 125 (4th Dist 1964). In that case the court stated:

"To hold as the plaintiff requests is to hold as a matter of law that the owner or operator of a motor vehicle is the guarantor of the mechanical integrity of his vehicle at all times. To so hold makes him an insurer as to latent defects. To so hold is to father a liability for latent defects in automobiles foreign and wholly adverse to the philosophy of our law heretofore pursued in the field of latent defects in this and other areas. We see no compelling reasons for us to embark upon such an excursion into a hitherto unexplored legalistic stratosphere. The trial Court did not err in denying plaintiff's motion for a directed verdict on the question of liability.

. . . . . .

"The determination of cases involving latent defects and rear end collisions predominantly present questions of fact for jury resolution. Johnson v. Coey, 237 Ill 88, 86 NE 678; Ferdinand v. Lindgren,

32 Ill App2d 133, 177 NE2d 10; Guelli v. Kraus, 145 So2d 900 (Fla 1962); Alarid v. Vanier, 50 Cal2d 617, 327 P2d 897. Such determination should not be lightly disturbed by either trial or appellate tribunals. Kahn v. James Burton Co., 5 Ill2d 614, 615, [sic] 126 NE2d 836. . . ."

In the Savage case, review was had after a trial and although the case was reversed and remanded for a new trial because of error in the giving and refusing of instructions, the court there did conclude that the conduct of the defendant was such that reasonable minds might well disagree as to what, if any, negligence was the proximate cause of the injury. The same is true here. Examining the charges of negligence in this case, we cannot say that there is no question of material fact that is raised under the pleadings, affidavits and discovery depositions on file.

The assertion that there was a sudden mechanical failure is a material question of fact which raises a defense to each of the plaintiff's allegations of negligence. This defense introduces material questions as to proximate cause and the application of the doctrine of emergency. Budds v. Keeshin Motor Express Co., 326 Ill App 59, 66–67, 61 NE2d 579 (3rd Dist 1945).

■ This court will also take judicial notice that 20 to 25 feet is substantially less than two normal car lengths. Also, the only apparent alternative presented to the defendant was to coast into the intersection against a traffic signal. Perhaps a jury would decide that this was the only "reasonable choice." Perhaps the testimony will disclose what the pleadings, discovery and affidavits do not—that there was no east or westbound traffic moving with the light. Even if these facts were alleged, verified and uncontroverted, the split-second instinctive decision required of the defendant under the

187

procedurally admitted facts of his affidavit presents a question of material fact which must be resolved through confrontation and tests of credibility only present during trial.

■ Perhaps the actual testimony, viewed in light of the entire record, will not be sufficient to substantiate the defense of sudden mechanical failure. However, we cannot, with certainty, make that determination in light of this record. A motion for summary judgment is not a trial by affidavit and where factual circumstances are alleged, giving rise to a valid defense, we cannot conjecture as to what an individual should have done when allegedly confronted with a mechanical failure.

■ Summary judgment is a drastic method of disposing of litigation and the right of a party to invoke the remedy must be free from doubt. Brooks v. Dean Berenz Asphalt Co., 83 Ill App2d 258, 227 NE2d 100 (4th Dist 1967).

For the reasons stated, it was error for the circuit court of Cook County to grant summary judgment. We have not considered allegations of error with reference to the proceedings assessing damages since, in our view, the matter must be remanded for trial. It will be remanded for trial on the question of liability, as well as damages, and we deem it unlikely that that which is alleged as error in the damage proceeding would be an issue upon retrial.

Judgment reversed and cause remanded with directions.

SMITH, P. J. and TRAPP, J., concur.