**Ernest Anderson, Plaintiff-Appellant, v. William LeBeau and Helen LeBeau, Defendants-Appellees.**

**Gen. No. 10,954.**

Fourth District.

July 9, 1968.

Rehearing denied August 22, 1968.

Ferguson & Ferguson, of Decatur, for appellant.

Whitley & Suter, of Decatur, for appellees.

TRAPP, J.

Plaintiff appeals from an order denying summary judgment and from a decree entered upon his amended complaint to cancel an agreement for sale of real estate and to recover back as earnest money payment, $2,000 with interest. The parties have elected to treat the contract as rescinded, and the sole issue is the recovery of the down payment. This appeal was filed in the Supreme Court, which ordered transfer here.

The amended complaint joined the defendants, LeBeau, husband and wife, hereinafter designated LeBeau, and one Doss, an attorney. As to the latter, the trial court, upon motion, entered judgment on the pleadings on August 23, 1962. No finding was made within the terms and provisions of chapter 110, § 50(2), Ill Rev Stats 1961, (now Supreme Court Rule 304, chapter 110A, § 304, Ill Rev Stats 1967). No appeal has been taken from the judgment order as to Doss.

While the action purports to be founded upon a written contract for the sale of real estate, the allegations of the pleadings concerned acts and arrangements not set out in such agreement. It is alleged that the contract was drawn under the direction and supervision of Doss. By its terms LeBeau acknowledged the receipt of the down payment of $2,000.

The complaint alleged that plaintiff made his check payable to Doss individually, but as agent of LeBeau until certain conditions affecting the closing of the sale had

172

been met and Doss was notified to cash the check, i. e., the check was expressly subject to reaching an agreement for the sale of certain furniture, and there are allegations that there was a condition that Doss negotiate a loan for the benefit of LeBeau for the purpose of removing the lien of an existing mortgage. The complaint alleges failure to meet the conditions and that plaintiff never notified Doss to cash the check. As an exhibit, the check, dated September 12, 1959, shows that it was endorsed by Doss in his own name on September 22, 1959. The complaint at issue alleges the cashing of the check and in the alternative, appropriation of the proceeds by either Doss or LeBeau, or both of them.

In answer to certain interrogatories submitted by Doss, the plaintiff said:

> "The $2,000.00 was paid conditionally by a check made payable to Attorney Dwight H. Doss, expressly made 'subject to agreement on furniture,' and delivered to Dwight H. Doss to be held by him until the agreement on the furniture was worked out and agreed to by plaintiff and the sellers and a loan to the LeBeaus or some financial arrangement to enable them to clear up a mortgage on the said property was made by Doss."

Thereafter, the trial court, on Doss' motion, dismissed the complaint as to him and ordered that the plaintiff take nothing by his suit, and that Doss go hence without day.

LeBeau filed answer setting forth as affirmative defense to the complaint that Doss was acting as agent or attorney for all parties to the contract, and that more particularly he was acting in a fiduciary capacity as escrow agent for the parties, that Doss cashed the check without the authority of any contract party, and that LeBeau did not receive any part of the proceeds. Plaintiff made no reply to such answer.

■■■■■■■■■■■■

While plaintiff argues that Doss was the attorney for LeBeau in drawing the agreement, such was not, in fact, alleged. It is alleged that he supervised the drafting. It is argued that the answer of LeBeau admitted that Doss received the check as agent of the sellers. The allegation of agency deemed admitted is not supported by anything in the written agreement and is asserted as a conclusion of the pleader rather than as matters of fact sufficient to create an agency. The amended complaint itself alleges conditions to the contract that were not in the written agreement and the absence of authority given by plaintiff to cash the check. We have noted the answer of plaintiff to the interrogatory and that there was no reply to the affirmative defense alleging the status of Doss as fiduciary or agent for plaintiff.

Plaintiff urges that a reply to the affirmative defense was not required because the amended complaint alleged, albeit in the form of a conclusion, that Doss was agent for LeBeau. There was no motion by plaintiff to strike the claim of defense made affirmatively.

■■ Since the written agreement made no reference to Doss as agent of LeBeau, the affirmative defense was not simply an argumentative denial of the terms of a written agreement, but introduced new matter. Mandel v. Jordan, 57 Ill App2d 276, 207 NE2d 12; Allwood v. Cahill, 382 Ill 511, 47 NE2d 698.

■■ The granting or the denial of plaintiff's motion for summary judgment depends upon whether or not the pleadings, interrogatories and affidavits disclose the existence of an issue of material fact. The right to summary judgment should be free from doubt. Harp v. Gulf, M. & O. R. Co., 66 Ill App2d 33, 213 NE2d 632; RCA Service Co. v. A B Fireproofing Co., 84 Ill App2d 82, 228 NE2d 151. The affidavit in support of plaintiff's motion for summary judgment is made by his attorney and essentially recites the allegations of the complaint rather than facts which would be admissible as evidence.

174

The amended complaint at issue alleges delivery of the check payable to Doss personally upon conditions to be controlled by the plaintiff. Plaintiff's answer to interrogatories, as well as the affirmative defense alleged and the affidavit of defendant, William LeBeau, assert essentially the same circumstances. It was not error for the trial court to determine that there was an issue of material fact under the allegations of the agency of Doss to be resolved.

■ Plaintiff argues that the court's order denying summary judgment was error, relying upon a theory of res judicata, arising from asserted findings on the judgment on the pleadings as to Doss, that Doss was an agent of LeBeau. This position cannot be given serious consideration for two reasons. First, that judgment was entered upon Doss' motion asserting failure to allege facts stating a cause of action, but only conclusions of law, and asserting that he could not, as an agent, be sued where the complaint showed that his agency for LeBeau was disclosed to plaintiff. Without a discussion of the scope and nature of such doctrine, we note briefly the statement appearing in 23 Illinois Law and Practice, § 381, p 419:

> "If it appears that several distinct issues may have been before the court in the first action, and there is no clear indication on which of them judgment was rendered, the estoppel will not be applied, for the reason that the court may have decided on one of the other issues."

Secondly, the asserted findings were not made by the court at the time of the order dismissing Doss, entered on May 31, 1962. Although file stamped as of the latter date, the record discloses that the decree with such finding was filed in June, 1967, and dated back. Plaintiff's attorney makes affidavit that following determination to make this appeal the trial judge was requested to prepare a memorandum of his reasons for the decision on

175

the Doss motion, that at the latter's suggestion plaintiff's attorney, together with the attorney for Doss, prepared the form of decree making the finding and entering judgment, ". . . in favor of said Dwight H. Doss in bar of action." Such form of decree was filed without notice to defendants. Upon the latter's motion to correct the record, the trial judge entered an order finding that said decree dismissing suit as to Doss was entered after the trial court had lost jurisdiction to enter the same, that the findings were without memorandum or docket entries to support them, and should not have been entered without notice to defendant. The court granted the motion of LeBeau to correct the record, ordering that the decree was deemed not properly entered as part of the official record in the case.

Issues arising from the argument upon res judicata are not properly present in this appeal. There was no amendment of the record within the provisions of Supreme Court Rule 329, chapter 110A, § 329, Ill Rev Stats 1967. That rule provides that omissions may be corrected by stipulation of the parties, or that the trial court may determine what the record actually discloses. The affidavit of plaintiff's attorney shows that neither method was followed. The addition of the purported decree to the record cannot be made under the statutory authority of chapter 7, § 2, § 6 and § 7, Ill Rev Stats 1967, for the finding in question had the effect of ". . . altering the issue between the parties or the trial" and was not simply a matter of form. Fox v. Department of Revenue, 34 Ill2d 358, 215 NE2d 271.

Following the court's ruling upon plaintiff's motion for summary judgment, the cause was referred to a Master in Chancery for taking evidence upon the issue of LeBeau's obligation to pay $2,000. The only testimony presented was that of plaintiff. The Master made findings that Doss was acting in behalf of the plaintiff as

well as the defendants, and was an escrow agent or fiduciary with regard to the check given by plaintiff to him, and that the defendants were not legally obligated to pay to plaintiff the sum of $2,000. Plaintiff's testimony, as well as the pleadings, makes it clear that he expected to control the cashing of the check in the hands of Doss, through conditions which plaintiff specified but which were not fulfilled. The record sustains a conclusion that Doss was an agent of the plaintiff, or a fiduciary, in the disposition of the check. The Master recommended dismissal of the complaint as to LeBeau. Objections to the Master's report were overruled and a decree entered by the court dismissing the complaint with a finding that the plaintiff had made no reply to the affirmative defense and had failed to prove the material allegations of his complaint. The scope and substance of the evidence before the Master in Chancery have heretofore been discussed and the findings and the decree are not contrary to the weight of the evidence.

It appearing that the decree was entered following a determination of the cause upon its merits, plaintiff's arguments with regard to the finding that there was an adequate remedy at law as against Doss may be treated as surplusage. There is no issue of whether equitable relief is appropriate as to such defendant absent an appeal from that judgment entered as to Doss.

The decree of the circuit court is affirmed.

Affirmed.

SMITH, P. J. and CRAVEN, J., concur.