Lillie Hendricks, Admr. of the Estate of Everett Hendricks, Deceased, Plaintiff-Appellant, v. Shirley J. Deterts, Defendant-Appellee.

(No. 12004;

Fourth District—September 20, 1973.

Harold H. Kuhfuss and Richard G. Hayes, both of Pekin, for appellant.

Costigan, Wollrab, Fraker and Wochner, of Bloomington, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff by her complaint sought to recover for the alleged wrongful death of Everett Hendricks arising out of a collision between two vehicles.

The defendant Shirley Deterts was the driver of a Pontiac automobile traveling in a westerly direction on a two-lane highway in McLean County. The decedent, Everett Hendricks, was driving a Buick automobile in an easterly direction. The collision between these two cars

occurred on November 15, 1968 at about 6:50 P.M. It was then dark and rain was falling.

The complaint charged the defendant with negligence in three particulars: (a) that she failed to keep a proper lookout; (b) that she failed to drive her vehicle on the right half of the roadway; and (c) that she drove her vehicle at a speed greater than was reasonable and proper. An answer that was filed by the defendant denied these allegations.

The complaint was filed in November 1969; the answer was likewise filed in November 1969. In September of 1971, the defendant filed a motion for summary judgment, asserting that there was no genuine issue as to any material fact and that "The issue for determination on the question of liability is as to who was on whose side of the road at the time of the accident." The motion further noted that although the defendant was subject to a denial of her right to testify by reason of section 2 of the Evidence Act, if permitted to testify, her testimony would be that the plaintiff's intestate was driving on the wrong side of the road. Her testimony at a coroner's inquest was appended to the motion as was the testimony of a deputy sheriff which the movant described as showing "his inability to determine from the physical facts of the scene of the accident the cause of same". Plaintiff's response to the motion noted the requirement of Supreme Court Rule 191 to the effect that an affidavit in support of a motion for summary judgment must affirmatively show that the affiant could competently testify. The response asserted that the defendant was not competent to testify.

Plaintiff then filed a motion to strike the motion for summary judgment. That motion to strike asserted that the sole issue was not as stated in the motion and asserted the existence of issues of material fact as to the issue of negligence and contributory negligence. In support of the motion to strike, the plaintiff appended the discovery deposition of the defendant and photographs of the scene of the accident to be exhibited to the court for inspection at the hearing on the motion to strike.

A subsequent amendment to the motion for summary judgment added a statement of another deputy sheriff and an affidavit of Harry Moretz, a deputy. Moretz in his affidavit described the scene the night of the occurrence and his finding as to skid marks on the day following the occurrence. His affidavit with reference to the latter point reads in part:

"It was too dark that night to see any skid marks so I went out the next day and noticed the tracks that led up to the hendricks [sic] car showing that the west end of the marks were in the eastbound lane of traffic and then as they proceeded east, they came into the middle of the road. I cannot recall the length of the skid marks and as I recall there was a gouge in the road made by one

of the cars. I can't recall where it was located in reference to the center of the road."

The court granted the motion for summary judgment and entered judgment as to the entire cause of action for the defendant.

■■ In *Watkins v. Lewis*, 96 Ill.App.2d 182, 237 N.E.2d 830, this court discussed the procedures applicable to summary judgment and quoted at length from *Harp v. Gulf, Mobile & Ohio R.R. Co.*, 66 Ill.App.2d 33, 213 N.E.2d 632. The substance of our observations in *Watkins* is applicable here. Summary judgment is a drastic method of disposing of litigation and the right of a party to invoke that drastic remedy must be free from doubt. (*Brooks v. Dean Berenz Asphalt Co.*, 83 Ill.App.2d 258, 227 N.E.2d 100.) Summary judgment has as its purpose a determination of whether or not there is any genuine triable issue of fact which must be passed upon. If the pleadings, discovery depositions, and the exhibits present a genuine issue as to any material fact, summary judgment should not be granted. The right of the movant to summary judgment must be free from doubt and his motion and the affidavit and attachments appended to it will be strictly construed and must leave no question of the movant's right to judgment. Contrarywise, the affidavit filed in opposition will be liberally construed.

In this case, the complaint charged the defendant with negligence in the three indicated particulars. The motion for summary judgment and the subsequent proceeding tended at most to negate one of those charges of negligence or perhaps tended more strongly to indicate that the plaintiff's intestate may have been guilty of contributory negligence.

■■ In our view, this record is far from sufficient to establish the defendant's right to summary judgment.

■■ It is not the function of a motion for summary judgment to try contested issues as to negligence and contributory negligence by affidavit and counter-affidavit, nor is it proper to consider in support of or in opposition to a motion for summary judgment evidentiary matter that would be inadmissible upon a trial of the issue. Waiver of objection to evidence for purposes of the motion does not affect the issue of admissibility at trial. In this case, as in *Watkins*, such facts as are established by the affidavit show the existence of a material fact which must be resolved through confrontation and tests of credibility only present during trial.

The judgment of the circuit court of McLean County granting summary judgment is reversed and this cause is remanded for further proceedings.

Reversed and remanded.

SMITH and TRAPP, JJ., concur.