PHILLIP RUSSO, Plaintiff-Appellant, *v.* THE RANGE, INC., Defendant-Appellee.

First District (4th Division)    No. 77-1922

Opinion filed August 16, 1979.—Rehearing denied October 9, 1979.

Thomas M. Harvick, of Chicago, for appellant.

Clausen, Miller, Gorman, Caffrey & Witrous, P. C., of Chicago (James T. Ferrini, James T. J. Keating, and Joyce E. Staat, of counsel), for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

In an action filed in the circuit court of Cook County, the plaintiff, Phillip Russo, charged that the negligence of the defendant, The Range, Inc. (the Range), caused the injury he suffered on a ride at an amusement park the Range owned. The trial court granted summary judgment in favor of the Range on the theory of assumption of risk. On appeal, Russo argues that it was error to rule, at this stage in the proceedings, that as a matter of law he assumed the risk of his injury.

Russo was injured on a ride described as a "giant slide." In a deposition he stated that just before his injury he sat at the top of the slide on a rug or sack, pushed off and "slid" over the dips in the slide on his way to the bottom. After he rode over the second dip, his body "left the slide a little bit." Attempting to slow his speed, he wedged his feet against the railing of the slide. This did not slow him. At the third dip his body left the surface of the slide again "and just went out into mid-air." He landed at

the end of the slide in a sitting position and suffered a compressed fracture of his dorsal vertebra.

Russo said that he had ridden two or three similar slides at other amusement parks but that this was the first time he rode the slide at the Range's park. Further, before he bought the ticket for the slide, he watched five or six persons descend on it.

The reverse side of the ticket read: "the person using this ticket so assumes all risk of personal injury * * *." At the top of the slide a sign warned "slide at own risk * * * not responsible for personal injury." In addition, the sign instructed patrons in the proper way to ride the slide and not to use their hands or feet to slow their descent. Russo admitted that he read the "slide at own risk" sign and understood it.

The Range contends that these facts undisputedly prove that Russo absolved it of any duty it might have had toward him and assumed the risk he might be injured on his ride down the slide. According to the Range, both the ticket and the sign warnings, which Russo said he saw and understood, constituted a contract exculpating it from any liability. Further, the Range argues, Russo knew of the dangers he would experience on the ride because he watched other patrons on the slide and he himself had ridden similar slides at other amusement parks. Since he knew what was going to happen, by riding the slide he impliedly consented to the fact that the experience might cause him injury.

The Range asserts that summary judgment was appropriate because there were no evidentiary inquiries to pursue at trial. Russo could articulate no problem with the slide or name any specific negligent act on the Range's part which caused his injury. The Range compares this case to *Schmidt v. Fontaine Ferry Enterprises, Inc.* (Ky. 1958), 319 S.W.2d 468, where a directed verdict was granted against a plaintiff who suffered an injury similar to Russo's after riding a slide like the one in this case. The *Schmidt* court ruled that the plaintiff, having ridden the particular slide several times before the injury occurred and thus having knowledge of its operation, assumed the risk of his injury, as a matter of law.

■■ The doctrine of assumption of risk presupposes that the danger which caused the injury was one which ordinarily accompanied the activities of the plaintiff and that the plaintiff knew or should have known both the danger and the possibility of the injury existed before the occurrence. (See Illinois Pattern Jury Instruction, Civil, No. 13.01 (2d ed. 1971).) In *Barrett v. Fritz* (1969), 42 Ill. 2d 529, 535, 248 N.E.2d 111, 115, the Illinois Supreme Court acknowledged that analytical confusions sometimes result from the application of the doctrine, noting:

> "The expression, assumption of risk, is a very confusing one. In application it conceals many policy issues, and it is constantly used to beg the real question. Accurate analysis in the law of negligence

would probably be advanced if the term were eradicated and the cases divided under the topics of consent, lack of duty, and contributory negligence. Then the true issues involved would be more clearly presented and the determinations, whether by judge or jury, could be more accurately and realistically rendered." Quoting Wade, *The Place of Assumption of Risk in Law of Negligence*, 22 La. L. Rev. 5, 14 (1961).

The theory operates as a valid defense in three separate situations. (See Prosser, Torts §68, at 439 *et seq*. (4th ed. 1971).) First, it is used when the plaintiff has expressly consented to relieve the defendant of an obligation of conduct toward him. Thus, it was successfully invoked in *Owen v. Vic Tanney's Enterprises* (1964), 48 Ill. App. 2d 344, 199 N.E.2d 280, to prevent recovery for injuries the plaintiff suffered at the defendant's health club when a written contract between the parties contained a clause exculpating the club from liability.

Closely related to this is the second situation where a plaintiff involved in some type of relationship with the defendant, is said to "impliedly consent" to excusing a defendant from a legal duty which would otherwise exist. Prosser gives the example of a baseball fan's choice of an unscreened seat at the ball park "impliedly" consenting to permit the players to proceed without taking precaution to protect the fan from being hit by a foul. (Prosser, at 440.) In *Murphy v. White City Amusement Co.* (1926), 242 Ill. App. 56, this court held that a patron at an amusement park who knew how a ride operated and was aware of the risk that its violent bouncing might injure her, assumed the risk of the injury she suffered on the ride.

In both the first and second situations, the doctrine may function to actually negate the negligence the plaintiff complains of: the plaintiff "consents," expressly or impliedly, to release the defendant from any duty he might owe the plaintiff.

The third situation (along with the second) borders and at times intersects with the theory of contributory negligence. It occurs when, without any preordered relationship between the parties, the plaintiff, aware of a danger created by the defendant's negligence, proceeds voluntarily to encounter it. Illinois recognizes this type of assumption of risk as an affirmative defense in products liability cases. See *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305.

Essential to all these situations is specific knowledge on the part of the plaintiff of the risk he is about to be subjected to. (Prosser, at 447.) As noted in *Brown*, this makes the test for assumption of risk a fundamentally subjective one. (*Brown*, 45 Ill. 2d 418, 430, 261 N.E.2d 312.) While a plaintiff cannot elude its application with protestations of ignorance in the face of obvious danger (Prosser, at 448), the defendant

cannot escape liability unless he proves that the plaintiff appreciated the specific risk which caused the injury. In light of this subjective test, we must reverse.

In Illinois, if there is a material factual dispute evident from the record, a motion for summary judgment should be denied. (*Di Leo v. United States Fidelity & Guaranty Co.* (1964), 50 Ill. App. 2d 183, 200 N.E.2d 405.) It is our belief that there are factual disputes in this case, specifically as to what Russo was reasonably aware of after reading and understanding the "slide at own risk" sign and as to whether the danger Russo encountered was one which ordinarily accompanied the riding of the slide, sufficient to prevent the entry of judgment at this time.

The bargain for the express contractual waiver of liability between Russo and the Range did not result in a written contract as it did in *Vic Tanney's*. The validity and extent of the waiver proposed here, therefore, must be inferred from the facts. Russo's credibility and his comprehension of the sign are the type of facts to be evaluated at trial, and not on a motion for summary judgment. (See, *e.g.*, *Watkins v. Lewis* (1968), 96 Ill. App. 2d 182, 237 N.E.2d 830.) We believe that under these circumstances Russo's consent to relieve the Range of a legal duty is an issue best weighed by the trier of fact, after a trial. *Erickson v. Wagon Wheel Enterprises, Inc.* (1968), 101 Ill. App. 2d 296, 242 N.E.2d 622.

Russo alleges that he had no knowledge that the slide would cause his body to fly in the air as he rode it—the event which he says caused his injury. In *White City*, the aspects of the ride which caused the injury were completely described in the record and that plaintiff acknowledged she was aware of all of them. Here, the record does not describe the normal operation of the slide so that an evaluation of whether the event which injured Russo normally accompanies the activity of riding a slide can be made. Nor does it disclose whether Russo had knowledge of the particular risk which resulted in his injury. Further, we are not persuaded that the holding in the *Schmidt* case should apply to this one. The *Schmidt* court relied on *White City* which, in the context of this appeal, is distinguishable from the case at bar. Finally, the plaintiff in *Schmidt*, unlike Russo, had extensive experience on the slide involved in his injury.

■■ Clearly, the Range presents a strong argument that Russo knew the risk of injury he was to encounter on the slide and that he assumed it. But that argument is based as much on inferences from the facts as it is predicated on the law. From these same facts the Range relies on it is possible to infer that Russo's ride down the slide was an abnormal occurrence caused by some danger unknown to him and a risk he did not assume. It is the presence of this possibility which precludes summary judgment. We cannot say as a matter of law that the bouncing which Russo experienced on the slide and which caused his injury was a risk that

he assumed when he purchased his ticket and rode the slide. We, therefore, must reverse the order of the circuit court granting the summary judgment to the Range and remand the cause for proceedings not inconsistent with this opinion.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.