**Margaret A. ELSTON, Plaintiff,**

**v.**

**CONSOLIDATED RAIL CORPORATION, Defendant and Third-Party Plaintiff,**

**v.**

**Stanley T. FERGER, and Stanley Ferger and Associates, Inc., Third-Party Defendants.**

**No. C-2-88-904.**

United States District Court, S.D.Ohio, E.D.

March 18, 1991.

Charles Roger Andrews, Charles Roger Andrew Co. LPA, Columbus, Ohio, for Elston.

Randolph Carson Wiseman, Bricker & Eckler, Columbus, Ohio, for Consolidated Rail Corp.

William Lewis Peters, Columbus, Ohio, for Ferger.

MEMORANDUM AND ORDER

HOLSCHUH, Chief Judge.

Plaintiff brought this action pursuant to Title 45, U.S.C., § 51 *et seq.*, the Federal Employers' Liability Act ("FELA"). This case is now before the Court upon the motion of defendant and third-party plaintiff Consolidated Rail Corporation ("Conrail") for summary judgment. In her response to defendant's motion, plaintiff requests sanctions against defendant Conrail pursuant to Rule 11 of the Federal Rules of Civil Procedure.

I.

This action was brought by plaintiff Margaret A. Elston against defendant Conrail alleging a cause of action for injuries under the provisions of the FELA. The following facts are not in dispute. The plaintiff was employed by Conrail as a steno clerk in its Columbus Claims Office located at Stella Court in Columbus, Ohio. On June 1, 1987, plaintiff, after picking up mail, descended stairs to the basement level in order to enter the claims office. She lost her footing and fell, suffering injuries.

At the time of the accident, the building in which Conrail maintained its claims office was owned by third-party defendant Stanley T. Ferger and/or third-party defendant Stanley Ferger and Associates, Inc. Conrail occupied a portion of the premises

under a lease arrangement with the owner. Plaintiff is alleging that Conrail was negligent in not providing adequate lighting and in failing to provide proper handrails and that Conrail's negligence was the cause of her injuries.

Defendant Conrail advances two main arguments in its motion for summary judgment and reply memorandum: (1) plaintiff cannot maintain a claim for damages under the FELA because the Act covers only those employees whose duties further interstate commerce and plaintiff's clerical duties do not further interstate commerce, and (2) Conrail cannot be negligent because it had no duty to maintain common areas of the building, that duty being imposed on the landlord by Ohio law, or alternatively, if Conrail had a duty to keep the staircase in a safe condition, plaintiff has failed to show that Conrail exercised less than reasonable care in fulfilling that duty.

Plaintiff replies that (1) the nature of her clerical duties furthered and affected interstate commerce, and (2) because federal law, not Ohio law, governs in an action brought under the FELA, Conrail is liable for breaching its duty of care, federal law imposing upon a railroad a nondelegable duty to provide a safe place for its employees to work.

II.

Fed.R.Civ.P. 56(c) provides:

> [Summary judgment] ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original); *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984).

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir.1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, ... [and where] no genuine issue remains for trial, ... [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Sys.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962) (quoting *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627, 64 S.Ct. 724, 728–29, 88 L.Ed. 967 (1944)); *accord County of Oakland v. City of Berkley*, 742 F.2d 289, 297 (6th Cir.1984).

In making this inquiry, the standard to be applied by the Court mirrors the standard for a directed verdict. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986); *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

> "The primary difference between the two motions is procedural; summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted." *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745, n. 11 [103 S.Ct. 2161, 2171, n. 11, 76 L.Ed.2d 277] (1983). In essence, though, the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

*Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512. Accordingly, although summary judgment should be cautiously invoked, it

is an integral part of the Federal Rules, which are designed "to secure the just, speedy and inexpensive determination of every action." *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970) (footnote omitted); *accord Adams v. Union Carbide Corp.,* 737 F.2d 1453, 1455–56 (6th Cir.), *cert. denied,* 469 U.S. 1062, 105 S.Ct. 545, 83 L.Ed.2d 432 (1984). Inferences to be drawn from the underlying facts contained in such materials must also be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Ass'n,* 630 F.2d 1155, 1158 (6th Cir.1980). Additionally, "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. *Adickes,* 398 U.S. at 157–60, 90 S.Ct. at 1608–10.

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. The existence of a mere scintilla of evidence in support of the opposing party's position is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e).

III.

Defendant Conrail argues that plaintiff's duties with the railroad were not in furtherance of interstate commerce and, therefore, she is precluded, as a matter of law, from maintaining her cause of action under the FELA.

Section 1 of the FELA provides that:

> Every common carrier by railroad while engaging in [interstate or foreign] commerce ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce [due to the negligence of the carrier]....
>
> Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter.

45 U.S.C. § 51 (1988).

In order for an employee to recover under the FELA, therefore, some part of her duties must be in "the furtherance of interstate ... commerce; or shall, in any way directly or closely and substantially, affect such commerce...." *Id.*

The Sixth Circuit has held that the FELA is to be "liberally construed in favor of the injured plaintiff" to effectuate the remedial purposes behind the enactment of the FELA. *Green v. River Terminal Ry. Co.,* 763 F.2d 805 (6th Cir.1985). However, although the periphery of the term "furtherance" is "large and elastic," *Shelton v. Thomson,* 148 F.2d 1, 3 (7th Cir.1945), it cannot be stretched so as to encompass all employees of a railroad, a result clearly in

conflict with the statutory language which forbids such a construction. *Holl v. Southern Pac. Co.*, 71 F.Supp. 21, 23–24 (N.D.Cal.1947).

The United States Supreme Court has stated that, in construing coverage under the FELA, it is improper for a court to rule simply on the basis of an employee's job classification:

> The statute commands us to examine the purpose and effect of the employee's *function* in the railroad's interstate operation, *without limitation to nonclerical employees* or determination on the basis of the employee's importance as an individual in the railroad's organization.

*Reed v. Pennsylvania R.R. Co.*, 351 U.S. 502, 506, 76 S.Ct. 958, 961–62, 100 L.Ed. 1366 (1956). (Emphasis added.) The *Reed* court ruled that the test for coverage is "whether what [an employee] does in any way furthers or substantially affects transportation." *Id.* at 505, 76 S.Ct. at 961.

In *Reed*, the court held that a clerical employee whose duties consisted of filing and refiling original tracings of the railroad's equipment and structures for the purpose of generating blueprints for use in the field was a covered employee under the FELA. *Id.* The court noted that any repairs requiring blueprints are dependent upon the department in which the employee worked, that "delay, confusion, or worse" in the day-to-day operation would result from tracings misplaced or lost, and that the organizational structure would have to be changed if the employees filing the tracings were eliminated. *Id.* at 506–07, 76 S.Ct. at 961–62. Therefore, the employee's duties had a "close and substantial effect" upon and furthered interstate commerce. *Id.* at 507, 76 S.Ct. at 962.

■ *Reed* establishes that an employee's position within the hierarchy of a railroad's organization is not dispositive of the question of coverage under the FELA, and imposes no requirement that an employee must exercise some discretion in her duties in order to maintain a cause of action under the Act. *Reed* requires the Court, therefore, to examine an employee's *function* within the organization, irrespective of her position. When there is no dispute as to essential facts concerning the nature of a plaintiff's employment, the question of whether that employee furthers interstate commerce is a matter of law for the Court. *Zinsky v. New York Central R.R. Co.*, 36 F.R.D. 680 (N.D.Ohio 1964). Conversely, a dispute as to essential facts concerning a worker's duties precludes the Court from ruling as a matter of law.

■ Plaintiff and defendant have filed conflicting affidavits as to the nature and extent of plaintiff's duties as a steno clerk with Conrail. Plaintiff's supervisor states that she performed secretarial and clerical functions only, *e.g.*, answering the telephone, typing correspondence, copying and filing documents, and exercised no discretion while performing these tasks. He concludes that the elimination of her position would have no impact on Conrail's organizational structure.

Plaintiff Elston, on the other hand, states that, as a clerk, she took actions which facilitated the prompt return of injured workers to service, promoted the safe operation of Conrail's interstate transportation, and passed along safety and accident information to other railroad officials. Among other duties, she says she fielded phone calls from the public concerning dangerous or potentially dangerous crossings, and then passed that information along to certain railroad personnel. She states she compiled statistics concerning railroad accidents and resulting injuries which were the basis of various safety and operations decisions made by others.

A trier of fact might find that, if plaintiff's duties were as described in her affidavit, "delay" and "confusion" in Conrail's operation would result if those duties were performed poorly or not at all, and that elimination of her position and all others performing similar functions would require a change in Conrail's organizational structure. In the face of the conflicting affidavits submitted, therefore, the Court cannot conclude, as a matter of law, that plaintiff was not furthering or substantially affecting interstate commerce while performing her tasks as a steno clerk with Conrail.

Defendant Conrail relies heavily on a federal district court decision handed down prior to *Reed.* In *Holl,* 71 F.Supp. 21, the court denied coverage to a clerk working in a freight claims office whose only duty was to enter on a form, following a claim for loss or damage, the route traveled by the carrier. *Id.* The court grounded its holding, in large part, upon the finding that when a claim was filed, the interstate commerce movement *"had already been completed." Id.* at 25 [sic]. In the Court's view, the claim *"was neither the conclusion of a movement in interstate commerce nor the beginning of another one." Id.* [sic]. *Holl,* therefore, fashions a narrow holding, denying coverage to clerical workers whose duties impact at some point during the operation of a carrier after the cessation of a particular movement in interstate commerce and prior to the beginning of another one.[1]

Defendant Conrail's reliance on *Holl* is misplaced as there is no assertion in its motion, nor any showing in plaintiff's deposition testimony or in the affidavits submitted, that plaintiff's duties were performed only at some point after a movement in interstate commerce was completed and before another movement began.

For the foregoing reasons, summary judgment, on the basis that plaintiff is not a covered employee under the provisions of the FELA, is DENIED.

## IV.

Defendant Conrail, which leased the premises in question, argues that plaintiff Elston, as a matter of law, cannot prevail in her claim against Conrail because she was injured in a common area of the building and, under the common law of Ohio, a landlord, not the tenant, is responsible for the maintenance of such areas.

The United States Supreme Court, recognizing that uniform application of the FELA is necessary to effectuate the purpose of the Act, has declared that federal law, not state law, must govern when claims are brought under the FELA. *Dice v. Akron, C & Y. R.R. Co.,* 342 U.S. 359, 361, 72 S.Ct. 312, 314, 96 L.Ed. 398 (1952). The Sixth Circuit, in holding that a defendant railroad's liability is to be determined under federal law, stated that "[t]he enactment of the FELA represented 'an avowed departure from the rules of the common law.'" *Baker v. Baltimore & Ohio R.R. Co.,* 502 F.2d 638, 641 (6th Cir.1974), citing *Sinkler v. Missouri Pacific R.R. Co.,* 356 U.S. 326, 329, 78 S.Ct. 758, 761–62, 2 L.Ed.2d 799 (1958). An employer, therefore, "is stripped of his common law defenses," *Rogers v. Missouri Pacific R.R. Co.,* 352 U.S. 500, 507–08, 77 S.Ct. 443, 449, 1 L.Ed.2d 493 (1957), *reh'g denied,* 353 U.S. 943, 77 S.Ct. 808, 1 L.Ed.2d 764 (1957) such as a tenant's immunity for liability when injuries are sustained in an area under the control of the landlord.

Under the FELA, an employer is charged with the duty to provide a safe place for its employees to work, *Shenker v. Baltimore & Ohio R.R. Co.,* 374 U.S. 1, 10, 83 S.Ct. 1667, 1673, 10 L.Ed.2d 709 (1962), that duty extending to providing safe means of egress and ingress for the workers. *Harp v. Gulf, Mobile & Ohio R.R. Co.,* 66 Ill. App.2d 33, 213 N.E.2d 632 (1966). The *Shenker* court noted that the trial court had properly applied federal law "that a railroad has the nondelegable duty to provide its employees with a safe place to work even when they are required to go onto the premises of a third party over which the railroad has no control." *Shenker,* 374 U.S. at 7, 83 S.Ct. at 1671–72.

In articulating the nondelegable nature of a railroad's duty to provide a safe working environment, the Sixth Circuit has stated:

> The [nondelegable duty] is so despite the fact that it may not own, control or be under a primary obligation to maintain the premises on which the employee is injured. A railroad is not relieved from liability because such premises are unsafe or because of the existence of an

1. The court in *Holl* also noted that the clerk exercised no discretion in performing his duties, but in light of the subsequent holding in *Reed,* emphasis on the discretionary nature of an employee's tasks in determining coverage under the FELA is inappropriate.

unsafe condition brought about through the act of another and without fault, on the railroad's part.

*Payne v. Baltimore & Ohio R.R. Co.*, 309 F.2d 546, 549 (6th Cir.1962), *cert. denied,* 374 U.S. 827, 83 S.Ct. 1865, 10 L.Ed.2d 1051 (1963). The negligence of the owners of the property is, therefore, imputable to the railroad employer. *Id.*; *Shiller v. Penn Central Transp. Co.*, 509 F.2d 263, 269 (6th Cir.1975). Even an express agreement between a railroad and a third party that the third party will maintain the property will not serve to insulate the railroad from liability when injuries result from unsafe conditions. *Ruddy v. New York Central R.R. Co.*, 224 F.2d 96 (2d Cir.1955), *cert. denied,* 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780 (1955).

■ Defendant Conrail was a tenant of Stanley T. Ferger and/or Stanley T. Ferger and Associates, Inc., third-party defendants. Because federal common law imposes a nondelegable duty upon Conrail to provide a safe place to work for its employees, Conrail would be liable for injuries sustained by a worker in a common ingress area when those injuries are proximately caused by the negligent failure to maintain that common area, any express or implied agreement between Conrail and its landlord shifting the duty to the landlord notwithstanding. Therefore, plaintiff Elston has properly stated a cause of action under the FELA.

■ Although not directly argued in its motion for summary judgment, defendant Conrail in its reply memorandum asserts summary judgment is proper because plaintiff has made no showing that Conrail acted with less than reasonable care with respect to the common stairway, even if Conrail is charged with maintaining it in a safe condition under federal law.

A railroad is not an insurer of its employees under the FELA, *Inman v. Baltimore & Ohio R.R. Co.*, 361 U.S. 138, 80 S.Ct. 242, 4 L.Ed.2d 198 (1959), but owes a duty to them of reasonable or ordinary care under the circumstances. *Delaware, Lackawanna and Western R.R. Co. v. Koske,* 279 U.S. 7, 49 S.Ct. 202, 73 L.Ed. 578 (1929). The proper inquiry in cases filed under the FELA is whether the "negligence of the employer played any part, however small, in the injury or death which is the subject of the suit." *Rogers,* 352 U.S. at 507–08, 77 S.Ct. at 449. Moreover, when the negligence alleged is a failure to correct an unsafe condition under the control of a third-party, "actual notice" is "not indispensable" and "[c]onstructive notice may suffice." *Security Ins. Co. of New Haven v. Johnson,* 276 F.2d 182, 187 (10th Cir. 1960).

In her deposition, plaintiff testified to the alleged inadequate lighting and handrails in the stairway area, and if her testimony is believed, a trier of fact could fairly conclude that Conrail acted with less than reasonable care with respect to that means of ingress.

Summary judgment for defendant Conrail, on the grounds that Conrail is insulated from liability in its status as tenant, or alternatively, that plaintiff has failed to make any showing that Conrail exercised less than reasonable care even if charged with the duty to maintain the common areas, is, therefore, DENIED.

V.

■ Although defendant's motion for summary judgment must clearly be denied, the Court does not believe that sanctions under Fed.R.Civ.P. 11, including plaintiff's reasonable attorney's fees and expenses incurred in responding to defendant's motion, are warranted. The summary judgment motion violated no rule of procedure, was filed on or before the cut-off date set for dispositive motions by the Court, and raised potentially meritorious defenses. Under these circumstances, the Court cannot conclude that the motion was frivolous or that the actions of defendant's counsel in filing the motion were unreasonable. *See INVST Financial Group, Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 403–04 (6th Cir.1987), *cert. denied,* 484 U.S. 927, 108 S.Ct. 291, 98 L.Ed.2d 251 (1987).

VI.

The Court finds genuine issues of material fact as to whether plaintiff is a covered employee under the provisions of the FELA, and whether defendant, under a nondelegable duty to maintain the common staircase in a safe condition, breached that duty by failing to exercise reasonable care. Accordingly, defendant Conrail's motion for summary judgment is DENIED. Plaintiff's request for sanctions is also DENIED.

IT IS SO ORDERED.